UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
ROY TAYLOR,

                      Plaintiff,

      -against-

NEW YORK CITY DEPARTMENT OF
CORRECTION; NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION; Otis Bantum
Correctional Center Grievance Coordinator
KENNEDY; C.O. SMITH; Mail RM Ms.
KELLY; Capt. ELAM; SANTIAGO; Security
C.O. THOMPSON; Warden WETTINGTON;
Social Services Counselors: BERRY and
HAKIM; Clothes Box C.O. ELLIS; C.O.
CRUZ; Eric M. Taylor Center Warden
NANCE; C.O. DUNSON; Social Service
Counselors Mr. MOORE and Ms. GENTRY;
Clothes Box C.O. SCIPION; Grievance
Coordinator MULVANNY; Adm. Law Judge
EVA URRUTIA; Parole Chairman TINA
STANFORD; Senior P.O. Officer B. CROME,

                      Defendants.
---------------------------------------------------------------- x

**MEMORANDUM & ORDER**

14-CV-4708 (ENV)(RLM)

VITALIANO, D.J.

      On August 6, 2014, plaintiff Roy Taylor, currently incarcerated at Clinton Correctional Facility, filed this *pro se* § 1983 action claiming injury as a result of his confinement while detained at the Otis Bantum Correctional Center ("OBCC") and the Eric M. Taylor Center ("EMTC") jails on Rikers Island. The complaint also targets parole revocation proceedings held at or around the same time.

      Specifically, plaintiff alleges that he was held in custody on Rikers Island

1

from August 2013 through March 2014, and that, while detained there, (1) he was denied Muslim services, (2) he was denied appropriate winter clothing and blankets, (3) he was denied social services and grievance services, (4) he was forced to wear a brown jumpsuit which misclassified him, (5) he was denied law library access, (6) prison staff delayed sending out his legal and personal mail, (7) he was denied due process and impartiality at his parole revocation hearing, and (8) his merit time was unlawfully removed thereby extending his incarceration. (*See* Compl., ECF No. 1, at 4-21). He now seeks damages.[1]

The Court grants plaintiff's first step request to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a). The complaint, however, is dismissed in part as set forth below.

---

[1] Taylor makes an elliptical reference to declaratory relief, but, in context, it is simply a reiteration that defendants are liable for monetary damages. Moreover, even if Taylor had made a formal request for declaratory relief, such relief would likely be unavailable. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) (quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464, 65 S. Ct. 347, 350, 89 L. Ed. 389 (1945)) ("The Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.' . . . And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief."); *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) (holding the "arm[s] of the State" are immunized from suit); *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) (holding the Eleventh Amendment barred plaintiff from seeking injunctive relief under § 1983 against a state agency); *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000) (alterations and internal quotation marks omitted) (quoting *Green v. Mansour*, 474 U.S. 64, 73, 106 S. Ct. 423, 88 L. ed. 2d 371 (1985)) ("A declaratory judgment is not available when the result would be a partial 'end run' around the Eleventh Amendment's bar on retrospective awards of monetary relief.").

2

## Standard of Review

In reviewing a *pro se* complaint, such as this, the Court is mindful that a self-represented plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Such a complaint, nonetheless, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition to meeting the basic pleading standard, a district court must screen a civil complaint brought by a prisoner against a governmental entity or its agents with an eye toward dismissing it, or any portion of it, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Taken together, these additional review touchstones effectively impose a heightened standard of feasibility for IFP *pro se* complaints challenging jail conditions or

treatment. *See Pettus v. Morgenthau*, 554 F. 3d 293, 299-300 (2d Cir. 2009) (acknowledging the uncertainty of whether judicial relief can redress "not fairly traceable" or "speculative" unlawful jail conditions); *Bussie v. Boehner*, 21 F. Supp. 3d 244, 245-46 (E.D.N.Y. May 23, 2014) (reiterating a district court's obligation to screen *pro se* complaints under § 1915A while simultaneously being mindful of the solicitude afforded *pro se* plaintiffs).[2]

## Discussion

In order to maintain an action under 42 U.S.C. § 1983, a plaintiff must allege facts showing two essential elements: (1) that "the conduct complained of [was] committed by a person acting under color of state law," and (2) that "the conduct complained of . . . deprived [plaintiff] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

I.  Claims Against The New York State Department of Corrections and Community Service, Chairman Tina Stanford, and Administrative Law Judge Eva Urrutia

The complaint is dismissed as to the New York State Department of Corrections and Community Supervision ("DOCCS"), the chairman of the Board of

---

[2] Moreover, though not an appropriate topic for the Court's *sua sponte* review, as the case proceeds, upon the motion of a defendant, any claim raising a grievance for which an internal administrative review could have been sought, such claims shall be dismissed if the prisoner plaintiff failed to exhaust that internal review process. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211-12 (2007); *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Parole, Tina M. Stanford, and Administrative Law Judge ("ALJ") Eva Urrutia. Simply and swiftly, DOCCS and Chairman Stanford, in her official capacity, are entitled to immunity under the Eleventh Amendment. "[A]bsent waiver or valid abrogation [of a State's sovereign immunity], federal courts may not entertain a private person's suit against a State," except in rare instances where Congress has specifically eschewed the immunity. *Va. Office for Prot. & Advocacy v. Stewart*, 131 S.Ct. 1632, 1638 (2011). New York has not consented to § 1983 suits in federal court, nor has Congress signaled that § 1983 is intended to override a state's sovereign immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-42 (1979). The Eleventh Amendment bar, moreover, has been interpreted as prohibiting a federal court action against not only a state, but also its agencies and state agents. *See Pennhurst*, 465 U.S. at 99-100. Plaintiff's claims under § 1983, not brought against parties amenable to monetary damages in this Court, cannot stand.

As for Chairman Stanford in her individual capacity, Taylor's claim fares no better. A defendant's direct or personal involvement in the alleged constitutional deprivation is a prerequisite to a damages award under § 1983. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994))). Additionally, a plaintiff cannot base a defendant's liability on *respondeat superior* or on "linkage in the prison chain of command." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Here, plaintiff fails to allege any facts relating to Chairman Stanford, who is listed among the additional defendants, but is otherwise not mentioned at all in

plaintiff's factual allegations. (*See* Compl., ECF No. 1, at 2). *See* 28 U.S.C. §§ 1915A(b); 1915(e)(2)(b)(ii). No act or omission by her causing harm to Taylor is set forth—nothing, in short, is pleaded upon which a claim could rest. Based on what Taylor does allege in his pleadings, furthermore, there is absolutely no reason to believe that this claim is capable of valid amendment. Given such futility, the claim against Chairman Stanford in her individual capacity is dismissed without leave to amend. *Nwaokocha v. Sadowski*, 369 F. Supp. 2d 362, 372 (E.D.N.Y. 2005) ("A court . . . has discretion to dismiss [a pro se plaintiff's complaint] with prejudice if it believes that amendment would be futile or would unnecessarily expend judicial resources."); *accord Day v. Distinctive Personnel, Inc.*, 656 F. Supp. 2d 331, 335-36 (E.D.N.Y. 2009) (dismissing *pro se* plaintiff's action "without allowing . . . the opportunity to file an amended complaint, as any attempt to amend the pleadings in this case would be futile").

The complaint is also dismissed as to ALJ Eva Urrutia because judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (holding judicial immunity is an immunity from suit, not just from the ultimate assessment of damages). Judicial immunity extends to an administrative law judge who presides over a parole hearing. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (holding that "parole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding

6

whether to grant, deny or revoke parole"). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "'be deprived of immunity because the action [she] took was in error . . . or was in excess of [her] authority.'" *Mireles*, 502 U.S. at 11-13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Consequently, given that the alleged wrongdoing of this defendant consisted of acts performed in a judicial capacity while presiding over Taylor's parole revocation proceedings, his claim against ALJ Urrutia is foreclosed by absolute immunity and is dismissed.[3] 28 U.S.C. § 1915(e)(2)(B)(iii).

II. <u>New York City Department of Correction</u>

The complaint is dismissed as to the Department of Correction ("DOC"). Under § 396 of the New York City Charter, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the [C]ity of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter § 396; *see Monclova v. City of New York*, No. 12-CV-3187, 2014 WL 4828813, at *7 (E.D.N.Y. Sept. 29, 2014). That provision "has been construed to mean that New York City departments [such as DOC], as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159-160 (2d Cir. 2008); *see, e.g., Adams v. City of New York*, 837 F. Supp. 2d 108, 115 n.1 (E.D.N.Y. 2011) ("Because DOC is nonsuable agency of the

---

[3] It is not clear what role, if any, Chairman Stanford had in Taylor's parole revocation proceedings. Though it is unnecessary to decide in in the circumstances here, that is, the absence of any alleged wrongdoing, Chairman Stanford is likely entitled to the same immunity.

7

city, it must be dismissed as a defendant.").

Even if the Court were to construe the complaint as advancing this cause of action against the City for acts or omissions of DOC employees, rather than directly against DOC, the case would still be dismissed. It is well-settled that a municipality can only be sued under § 1983 if the alleged injury was the result of an official policy, custom, or practice of the municipality. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 692 (1978); *see also Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); *Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) (holding that *Monell* claims must satisfy the plausibility standard of *Iqbal* and *Twombly*, and cannot rely upon merely "boilerplate allegations of unconstitutional policies or practices").

Here, Taylor has not alleged any policy, custom, or practice on the part of the City that might plausibly have caused any of his alleged constitutional injuries. Thus, as to DOC and the City, the complaint fails to state a claim and is dismissed, pursuant to 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). A similar fate is warranted for claims against certain of the municipal employees. As to defendants OBCC C.O. Santiago, OBCC Security C.O. Thompson, Parole Officer Crome, EMTC Deputy Warden Nance, and OBCC Mailroom C.O. Ms. Kelly, all claims must be dismissed since Taylor has failed to allege any direct or personal involvement by any of them in the alleged constitutional deprivation. *See Farid*, 593 F.3d at 249 (quoting *Farrell*, 449 F.3d at 484 (quoting *Wright*, 21 F.3d at 501)). These defendants are

8

merely listed as additional defendants, and are not described in any fashion in Taylor's pleading of wrongdoing. (*See* Compl., ECF No. 1, at 2). In this light, pursuant to 28 U.S.C. §§ 1915A(b), 1915(e)(2)(b)(ii), the claims against these defendants are dismissed and, with not the slightest suggestion of the existence of any viable claims against them, leave to replead is denied as futile. *Day*, 656 F. Supp. 2d at 335-36; *Nwaokocha*, 369 F. Supp. 2d at 372.

## Conclusion

In accord with the foregoing explanation, the claims against all defendants not personally and directly involved in the conditions of his custody while plaintiff was detained at facilities on Rikers Island are dismissed with prejudice. No summons shall issue as to these defendants. As to plaintiff's challenge that the conditions of his confinement while on Rikers Island jails OBCC and EMTC, including the denial of: Muslim services, social and grievance services, permission to send legal mail, law library access, and merit time, against the remaining defendants: Counselors Berry, Hakim, Moore and Gentry, Coordinator Kennedy, Coordinator Mulvanny, OBCC Capt. Elam, OBCC C.O. Cruz, OBCC C.O. Smith, OBCC Warden Wettington, OBCC Clothes Box C.O. Ellis, EMTC C.O. Dunson, and EMTC Clothes Box C.O. Scipion shall proceed. The Clerk of Court shall issue a summons against these defendants and the United States Marshals Service is directed to serve the summons, complaint and a copy of this Memorandum and Order upon these defendants without prepayment of fees.

The Clerk of Court shall mail a courtesy copy of the same papers to the

9

Corporation Counsel for the City of New York, Special Federal Litigation Division.

The case is respectfully referred to Magistrate Judge Roanne L. Mann for pretrial management. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So Ordered.

Dated: Brooklyn, New York
January 28, 2015

/s/ USDJ VITALIANO
**ERIC N. VITALIANO**
**United States District Judge**

10