UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
ROY TAYLOR

          PLAINTIFF                MOTION TO RECONSIDER

-AGAINST-                                14-cv-4708 (ENV)(RLM)

NYCDOC & NYSDOCCS; ET AL.,

          DEFENDANTS X

PLAINTIFF, ROY TAYLOR PRO'SE HEREBY MOVES FOR THIS MOTION TO RECONSIDER DO TO THE HON COURT RULING TO LEAVING "THE MERIT TIME" ISSUE, WHICH ALL MERIT TIME TAKEN WAS THE RESULT OF NYCDOCCS ADMINISTRATIVE LAW JUDGE MAKING THIS DECISION THUS IT IS REQUESTED THE ALJ URRUTIA AND NYSDOCCS [CHAIRMAN STANFORD] BE REINSTATED IN IN THIS CIVIL ACTION, ESPECIALLY WHEN THE ISSUE WAS RAISED THAT ALJ WAS BIAS AND "ABUSE HER DISCRETION" THE WAY THE FINAL REVOCATION HEARING WERE CONDUCTED WHERE ALTHOUGH THEY HAD A "CONSTITUTIONAL RIGHT" TO FOLLOW THEIR OWN NEW YORK STATE REGULATION OF REQUIRING TO PROVIDE A "PRIOR 14 DAY NOTICE" [see Ex "A"], WHICH NEVER WAS AFFORDED, WHICH WAS OBJECTED TO AT FINAL HEARING ALJ IGNORED THIS CONST RIGHT AND HELD THE FINAL HEARING ANYWAY, NEVER AFFORDING ME AN ADJOURNMENT.

    FURTHERMORE, THIS FINAL REVOCATION PAROLE HEARING CAME AS A RESULT OF THE PLAINTIFF "ROY TAYLOR" BEING ORRIGINALLY CHARGED 7/2013 AND 8/2013 WITH SIMPLE ASSAULT WHICH ULTIMATELY THESE CHARGES WERE DISMISSED. THUS THE THE ADJUDICATIVE DECISION RETURNED IN PLAINTIFF FAVOR UNDER STATUTES ¶¶ 160.5, 160.60 STATES: CLEARLY THE ANYTIME OFFENSE WERE DISMISSED AND THE DETERMINATION WAS RENDERED IN FAVOR OF THE ACCUSED "NO ONE ELSE" EVEN A COURT IS "BARRED" FROM FURTHER PROSECUTION WHICH IS A NULLITY.

    DEFENDANTS IGNORED THIS AND THE COURT IS ASKED TO MAKE RULING ON THIS, IF THE COURT WILL.

    UNDER MOTION FOR RECONSIDERATION, PURSUANT TO APPLICABLE F.R.C.P. 60 ___ IF THE COURT FAILS TO ADDRESS AN OVERSIGHT OR OMISSION THE COURT CAN GRANT RELIEF CORRECTING THIS.

    WHEREFORE; PLAINTIFF PRAYS THE COURT METICULOUSLY GO BACK TO THE RECORD AND GRANT THE PLAINTIFF THE RELIEF IN REINSTATING THE ABOVE DEFENDANTS (DOCCS) AS DEFENDANTS IN THE CASE AND SUCH FURTHER RELIEF AS THE COURT DEEMS JUST AND PROPER.

RESPECTFULLY SUBMITTED,                        CERTIFICATE OF SERVICE

*Roy Taylor*                        PLAINTIFF, ROY TAYLOR PRO'SE CERTIFY HE'S BY U.S. MAIL
ROY TAYLOR, PROSE #13A0472     MAILED THE FOREGOING TO THE USDC EASTERN DISTRICT OF BROOKLYN
C.C.F. BOX 2000                N.Y. & TO ASST CORP COUNSEL'S NYC LAW DEPT OFFICE ON 2-23-15.
DANNEMORA, N.Y. 12929

                                                        *Roy Taylor*

Form 3008-FC (5/04)  New York State Division of Parole
## PAROLE REVOCATION DECISION NOTICE
### WARRANT

Name: **Roy Taylor**  Area Office: **452-81377 Q**
NYSID #: **452-81377 Q**  Hearing Location: **RFJC**
Warrant #: **669050**  Hearing Date: **3-13-14**
Attorney: **Joan Brown**

Crime of Conviction is a Violent Felony Offense SHOCK RELEASEE Law Section 7052.1 ( ) Yes (✓) No
 Post-Release Supervision: ( ) Yes (✓) No
Crime of Conviction is Not a Violent Felony Offense Time spent in custody on the parole violation
 Contested: ( ) Yes (✓) No
 In Absentia: ( ) Yes (✓) No

I ( ) **BOARD ACTION REQUIRED:**

  A ( ) Crime of Conviction is a Penal Law Article 125 Offense – Category 1

  B ( ) Crime of Conviction is a Penal Law Article 130 OR 263 Offense OR Section 255.25 of the Penal Law – Category 1

  C ( ) Crime of Conviction is a Penal Law Article 135 Offense – Category 1

II (✓) **NO BOARD ACTION REQUIRED:**

  A (✓) Category 1

   1 ( ) Conditional Release – and – crime of conviction is a violent felony (Penal Law definition)

   2 ( ) Crime of Conviction is a Class A-1 Felony Offense

   3 ( ) Parole – and – Crime of Conviction is a Violent Felony Offense Involving the Use or Threatened Use of a Deadly Weapon or Dangerous Instrument or the Infliction of Physical Injury Upon Another:   ( ) Parole   ( ) Conditional Release
   -OR-
   In Any Manner Released Upon a Youthful Offender Adjudication for Any Offense Identified Below* Involving the Use or Threatened Use of a Deadly Weapon or Dangerous Instrument or the Infliction of Physical Injury Upon Another:
   *Offense: PL 70.02-VFO; Any Class A-1 Felony Offense; PL 125; PL 130; PL 263; and PL 255.25

   4 (✓) Current Sustained Violation Involves the Use of or the Threatened Use of a Deadly Weapon or Dangerous Instrument or the Infliction or Attempted Infliction of Physical Injury Upon Another or the Possession of a Firearm, or Threats Toward Division of Parole Staff or Peace Officers

   5 ( ) Criminal Record Includes VFO Convictions or YO Adjudications Involving the Use or Threatened Use of a Deadly Weapon or Dangerous Instrument, or the Infliction of Physical Injury Upon Another, or Felony Offense Convictions under Articles 130 or 263 of the Penal Law or Section 255.25 of the Penal Law which occurred not more than ten years before the commission of the felony on which the current sentence is based except that in calculating the ten year period, any period of time during which the person was incarcerated shall be excluded.

  B ( ) Category 2 – Mandatory Willard DTC Program – (Includes Shock Releases)

   1 ( ) Crime of Conviction is a Penal Law Article 220 or 221 Offense Other than a Class A-1 Felony

   2 ( ) Crime of Conviction is not a Penal Law Article 220 or 221 Offense, and is not a VFO or Class A Felony, and the Current Sustained Violation(s) is Rule 11 or 8 (Drugs) or Special Condition – No Alcohol

Exemptions:

  ( ) Time Remaining on Sentence as of Warrant Lodge Date is Less than Nine Months

  ( ) Pending Felony Charges as of Final Hearing Date

  ( ) Medical/Psychiatric Ineligibility

  ( ) Persistent Violators

  ( ) Exceptional Mitigating Circumstances (Revoke and Restore only)

Form 3008-FC-2 (5/04)

NAME: Roy Taylor                                               WARRANT #: 669050

    C ( )   Category 3

        Category 3 violators are defined as any violator within these guidelines and not included in Category 1 or Category 2.

        ( )   Crime of Conviction is a Violent Felony Offense as Defined in Penal Law Section 70.02 (Time spent in custody on the parole violation plus six months)

        ( )   Crime of Conviction is Not a Violent Felony Offense (Time spent in custody on the parole violation plus three months)
            Was released mandatory Willard
            _____ yes but exempted, _____ no

    D ( )   SHOCK RELEASE:   (Subject to Regulation Section 8010.3)

        ( )   Time Assessment Imposed

    E ( )   PERSISTENT VIOLATORS

        For Those Violators Who Have Incurred Two Prior Sustained Violations of Their Release Upon the Controlling Conviction and Would Otherwise Be Subject to Those Penalties Authorized Under 9 N.Y.C.R.R. 8005.20(2) and (3), a Time Assessment Not to Exceed 12 Months Shall Be Imposed.

    F ( )   OUTSIDE THE GUIDELINES

        1 ( )   Failed to complete Willard DTC Program

        2 ( )   Sentenced Pursuant to Criminal Procedure Law Section 410.91 to a Sentence of Parole Supervision (J.S.)

        3 ( )   Conditionally Paroled for Deportation Only

Release Date __5/2/13__   (x) Parole   ( ) Conditional Release

Delinquency Date of __7/18/13__ Sustained Delinquency Date of _____

Time Remaining on Undischarged Portion of Sentence as of the sustained delinquency date:
    __0__ Years     __2__ Months     __16__ Days

Time Remaining on Undischarged Portion of Post-Release Supervision as of the sustained delinquency date:
    __4__ Years     __2__ Months     __16__ Days

III   FINDINGS AND CONCLUSIONS:

A ( )   No violations sustained. Therefore, all charges are dismissed and delinquency is cancelled as explained below.

B (x)   Charges __1__ (x) __2__ (x) ( ) ( ) ( ) ( ) are sustained based on the information contained in the Violation of Release Report and

    Credible Testimony Of               Exhibits

    Anthony Jarvis/Edwards     States 1 - VOP, cert of release, violation
    Edwards + Alpha Unchin     of release report
                                 PE A + chrono; PE B - minutes
                                 PT's C - Order to produce + PE's D -
                                 affirmation

C ( )   Charges ____ ( ), ____ ( ), ____ ( ), ____ ( ), withdrawn

D ( )   Charges not proven by a preponderance of legally sufficient evidence - ____ ( ), ____ ( ), ____ ( ), ____ ( ),

E ( )   Charges ____ ( ), ____ ( ), ____ ( ), ____ ( ) not approved for prosecution.

Form 3008-FC-3 (5/04)

NAME: Roy Taylor    WARRANT: 669050

**IV. ANALYSIS**

(ch 1 tolerated by current sustained charges)
CPLS 30
1½ years
1st violation
Released 5/3/13
G.T. para to +2 ½ mos
40P - Auto 8 (2x)
custody - involuntary

The court finds the testimony of defense witness Hair Wyche to be incredible in its entirety. Further, the court finds that the Division proved charges 1 + 7 by a preponderance of the credible evidence and established that the charges were violations in each important respect.

The court recommends a sentence of a hold into parolees maximum expiration date.

Form 3008-FC-4 (5/04)

NAME: Roy Taylor                                     WARRANT: 609050

## V.   DECISION

A ( )   RECOMMENDATION TO BOARD, SEE ATTACHED ADDENDUM - REASONS FOR RECOMMENDATION WHICH REQUIRE BOARD ACTION.

B (✓)   DELINQUENT TIME ASSESSMENT IMPOSED __ME__ MONTHS.

C ( )   REVOKE AND RESTORE – MANDATORY WILLARD DTC PROGRAM

D ( )   REVOKE AND RESTORE – VOLUNTARY WILLARD DTC PROGRAM

E ( )   REVOKE AND RESTORE – NYC CASES PROGRAM
        (Program: _____)

F ( )   REVOKE AND RESTORE – NYC LINK PROGRAM
        (Program: _____)

G ( )   REVOKE AND RESTORE
        Additional Special Conditions: _____

Revoke and Restore Reason

( )   Exceptional Mitigating Circumstances

( )   Absconder – Voluntary Surrender

( )   ATI Program with Pending Criminal Charge

( )   Medical or Psychiatric Needs Cannot be Met in the Willard DTC Program

( )   Shock Release (Other Than Mandatory Willard Cases)

( )   Program Placement

VIOLATOR CATEGORY (must be filled in for Decisions D-G above)

Category 1 _____   Category 2 _____   Category 3 _____

Shock _____   Persistent _____   Outside _____

NOTE:   Estimated delinquent time assessment expiration date ___/___/___ As of this date you are eligible for re-release consideration. This may occur while you are either in local custody or following your return to a state correctional facility. This date is not to be interpreted as an established release date.

DATE: 3/12/14        Signature: _____

                     Name: Eva Uruchg

                     Title: ALJ

NOTICE: YOU HAVE THE RIGHT TO APPEAL THIS DECISION.

DISTRIBUTION: White – AREA OFFICE/BUREAU; Green – VIOLATORS BUREAU/CENTRAL FILE; Yellow – ATTORNEY; Pink – RELEASEE; Gold – ADMINISTRATIVE LAW JUDGE/BLUEBACKER

STATE OF NEW YORK – BOARD OF PAROLE      Ex "A"

## *Administrative Appeal Decision Notice*

**Inmate Name:** Taylor, Roy         **Facility:** Clinton Correctional Facility.

**NYSID No.:** 4528137Q         **Appeal Control #:** 03-256-14-R

**Dept. DIN#:** 13A0472

Appearances:
For the Board, the Appeals Unit
For Appellant:        Roy Taylor 13A0472
                      Clinton Correctional Facility
                      P.O. Box 768
                      Dannemora, New York 12929

Board Member(s) who participated in appealed from decision:

Decision appealed from:   3/2014-Revocation of release, with imposition of hold to ME date time assessment.

Pleadings considered: Document on behalf of the pro se appellant received on March 24, 2014 and Memorandum of Law received on April 1, 2014.
Statement of the Appeals Unit's Findings and Recommendation

Documents relied upon: Notice of Violation, Violation of Release Report, Final Hearing Transcript, *Parole Revocation Decision Notice*.

**Final Determination**: The undersigned have determined that the decision from which this appeal was taken be and the same is hereby

| Signature / Commissioner | | | |
|---|---|---|---|
| Commissioner | ✓ Affirmed ___ Reversed for De Novo Hearing | ___ Reversed - Violation Vacated |
|  | ___ Vacated for De Novo Review of Time Assessment Only | ___ Modified to _____ |
| Commissioner | ✓ Affirmed ___ Reversed for De Novo Hearing | ___ Reversed - Violation Vacated |
|  | ___ Vacated for De Novo Review of Time Assessment Only | ___ Modified to _____ |
| Commissioner | ✓ Affirmed ___ Reversed for De Novo Hearing | ___ Reversed - Violation Vacated |
|  | ___ Vacated for De Novo Review of Time Assessment Only | ___ Modified to _____ |

***If the Final Determination is at variance with Findings and Recommendation of Appeals Unit, written reasons for the Parole Board's determination must be annexed hereto.***

This Final Determination, the related Statement of the Appeals Unit's Findings and the separate findings of the Parole Board, if any, were mailed to the Inmate and the Inmate's Counsel, if any, on 2/10/15  AF.

Distribution: Appeals Unit – Inmate - Inmate's Counsel - Inst. Parole File - Central File
P-2002(R) (May 2011)

STATE OF NEW YORK - BOARD OF PAROLE

## *STATEMENT OF APPEALS UNIT FINDINGS & RECOMMENDATION*

**Inmate Name:** Taylor, Roy                **Facility:** Clinton Correctional Facility

**NYSID No.:** 4528137Q                     **Appeal Control #:** 03-256-14-R

*Dept. DIN#* 13A0472

**Findings:**

The now pro se appellant has submitted a typed document, and a typed memorandum of law, to serve as the perfected appeal. Together they raise five primary issues.

Appellant's first claim is the criminal cases were dismissed, and that the Penal Law statute for Justification was ignored.

In response, it is axiomatic that the dismissal or acquittal of a releasee's criminal charges does not bar the prosecution of revocation charges which need only be established by a preponderance of the evidence. Matter of Mummiami v. New York State Board of Parole, 5 A.D.2d 923, 171 N.Y.S.2d 1018 (3d Dept 1958) lv. den. 5 N.Y.2d 709, 182 N.Y.S.2d 1025 (1959) mot. for rearg. den. 7 N.Y.2d 756, 193 N.Y.S.2d 1030 (1959), cert. den. 362 U.S. 953, 80 S.Ct. 865, 4 L.Ed.2d 870 (1960); People ex rel. Murray v. New York State Board of Parole, 70 A.D.2d 918, 417 N.Y.S.2d 286 (2d Dept 1979) aff'd 50 N.Y.2d 943, 431 N.Y.S.2d 456 (1980); Cole v Travis, 275 A.D.2d 874, 713 N.Y.S.2d 578 (3d Dept 2000); Washington v Epke, 38 A.D.3d 1100, 831 N.Y.S.2d 594 (3d Dept. 2007) den. 9 N.Y.3d 802, 840 N.Y.S.2d 567 (2007); Matter of Davidson v New York State Division of Parole, 34 A.D.3d 998, 824 N.Y.S.2d 466 (3d Dept 2006), lv. den. 8 N.Y.3d 803, 838 N.Y.S.2d 699 (2007); U.S. ex rel. Carrasquillo v Thomas, 677 F.2d 225 (2d Cir. 1982); McCowan v Evans, 81 A.D.3d 1028, 916 N.Y.S.2d 290 (3d Dept. 2011); Beale v LaClair, 122 A.D.3d 961, 995 N.Y.S.2d 817 (3d Dept. 2014). Parole revocation hearings and criminal actions are separate proceedings having different procedures and, most importantly, different objectives. People v Fagan, 104 A.D.2d 252, 483 N.Y.S.2d 489, 492 (4th Dept 1984). A parole revocation proceeding does not have the full panoply of rights that a criminal proceeding has. U.S. v Carlton, 442 F.3d 802 (2d Cir. 2006).

Appellant's second claim is the Administrative Law Judge was biased, and incorrectly refused to permit some of his evidence to be put on the record.

In response, the inmate has failed to show that the findings in the case by the Administrative Law Judge flowed from any alleged bias. Ciccarelli v New York State Division of Parole, 11A.D32d 843, 784 N.Y.S.2d 173, 175 (3d Dept. 2004); Donahue v Fischer, 98 A.D.3d 784, 948 N.Y.S.2d 778 (3d Dept. 2012).

STATE OF NEW YORK - BOARD OF PAROLE

## *STATEMENT OF APPEALS UNIT FINDINGS & RECOMMENDATION*

**Inmate Name:** Taylor, Roy  **Facility:** Clinton Correctional Facility

**NYSID No.:** 4528137Q  **Appeal Control #:** 03-256-14-R

*Dept. DIN#* 13A0472

**Findings:** (continued from page 1)

The claim that the Administrative Law Judge crossed the line between factfinder and advocate has been examined and found to be unsubstantiated by the record. Moore v Alexander, 53 A.D.2d 747, 749, 861 N.Y.S.2d 473 (3d Dept. 2008), lv. denied 11 N.Y.3d 710, 872 N.Y.S.2d 72 (2008). There is no merit to the claim the Administrative Law Judge who presided over the hearing was not neutral and detached, as she conducted the hearing in a fair and impartial manner, and the determination of guilt was based upon the evidence presented. Murray v New York State Division of Parole, 95 A.D.3d 1527, 944 N.Y.S.2d 403 (3d Dept. 2012). There is a presumption of honesty and integrity that attaches to Judges and administrative fact-finders. People ex.rel. Johnson v New York State Board of Parole, 180 A.D.2d 914, 580 N.Y.S.2d 957, 959 (3d Dept 1992). All evidentiary rulings were correctly decided.

*Appellant's* third claim is there were violations of the 90 day speedy trial rule and the 14 day adjournment rule.

In response, the 14 day rule for being provided with notice of a final hearing only applies to the first scheduled final hearing, and not those hearings that are rescheduled following an adjournment. People ex rel. Medina v. Superintendent, 101 A.D.2d 871, 476 N.Y.S.2d 18 (2d Dept. 1984); People ex rel. Haskins v. Walters, 87 A.D.2d 657, 448 N.Y.S.2d 513 (3d Dept. 1982). People ex rel. Crooks v New York State Board of Parole, 194 A.D.2d 376, 598 N.Y.S.2d 263, 264 (1st Dept 1993); People ex rel. Wentsley v Hammock, 89 A.D.2d 1058, 454 N.Y.S.2d 761 (4th Dept 1982). As for the 90 day issue, appellant previously filed a writ of habeas corpus on this point, and lost on the merits. Under the doctrines of res judicata and collateral estoppel, the prior decision of the Court in this case mandates the resolution of this issue in this administrative appeal against the appellant. Allen v New York State Division of Parole, 252 A.D.2d 693, 675 N.Y.S.2d 409 (3d Dept 1998); Ryan v New York Telephone Co., 62 N.Y.2d 494, 478 N.Y.S.2d 823 (1984); United States v Utah Construction and Mining Co., 384 U.S. 394, 86 S.Ct. 1545, 1560 (1966).

Appellant's fourth claim is the victims lied in their testimony.

STATE OF NEW YORK - BOARD OF PAROLE

## *STATEMENT OF APPEALS UNIT FINDINGS & RECOMMENDATION*

**Inmate Name:** Taylor, Roy                **Facility:** Clinton Correctional Facility

**NYSID No.:** 4528137Q                     **Appeal Control #:** 03-256-14-R

**Dept. DIN#** 13A0472

**Findings:** (continued from page 2)

In response, the Administrative Law Judge found their testimony to be credible, and it satisfied the evidentiary burden of proof. Credibility issues are left to the discretion of the Administrative Law Judge. Matter of Hicks v. New York State Division of Parole, 255 A.D.2d 842, 682 N.Y.S.2d 114, 115 (3d Dept. 1998); Brew v New York State Division of Parole, 22 A.D.3d 930, 802 N.Y.S.2d 522 (3d Dept. 2005); Bolden v Dennison, 28 A.D.3d 1234, 814 N.Y.S.2d 477 (4th Dept. 2006) lv.den. 7 N.Y.3d 705, 819 N.Y.S.2d 872; Kovalsky v New York State Division of Parole, 30 A.D.3d 679, 680, 815 N.Y.S.2d 349 (3d Dept. 2006); Mosley v Dennison, 30 A.D.3d 975, 816 N.Y.S.2d 789 (4th Dept. 2006); Johnson v Alexander, 59 A.D.3d 977, 872 N.Y.S.2d 819 (4th Dept. 2009); Tanner v New York State Division of Parole, 60 A.D.3d 1225, 874 N.Y.S.2d 396 (3d Dept. 2009); Ariola v New York State Division of Parole, 62 A.D.3d 1228, 880 N.Y.S.2d 367 (3d Dept. 2009); lv.app.den. 13 N.Y.3d 707, 890 N.Y.S.2d 444.   Even if evidence exists which contradicts the victim's testimony, this presents a mere question of credibility for the Administrative Law Judge to resolve. Ciccarelli v New York State Division of Parole, 11 A.D.3d 843, 784 N.Y.S.2d 173, 175 (3d Dept. 2004).

Appellant's final claim is the transcripts have errors in them.

In response, the transcripts are certified.

**Recommendation:**

Accordingly, it is recommended the decision of the Administrative Law Judge be affirmed.

In the Matter of Darryl Williams, Also Known as William Cyprus, Appellant, v. Edward R. Hammock, as Chairman of the New York State Board of Parole, Respondent
Court of Appeals of New York
57 N.Y.2d 936; 443 N.E.2d 472; 457 N.Y.S.2d 224; 1982 N.Y. LEXIS 3809
[NO NUMBER IN ORIGINAL]
October 21, 1982, Decided

Judges: Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.

Opinion

{57 N.Y.2d 937} {443 N.E.2d 472} OPINION OF THE COURT

The order of the Appellate Division should be reversed, without costs, and the case remitted to Supreme Court for entry of judgment granting the petition, vacating the parole violation warrant, and restoring petitioner to parole on the conditions heretofore in effect.

{57 N.Y.2d 938} No timely notice, with accompanying necessary papers, was given to petitioner's counsel prior to the final revocation hearing held on March 23, 1981, as mandated by section 259-i (subd 3, par [f], cls [i], [iii] of the Executive Law and the regulations of the board (9 NYCRR 8005.18 [c]), and the time to hold such hearing expired immediately thereafter. Accordingly, the warrant should have been dismissed ( People ex rel. Martinez v New York State Bd. of Parole (56 N.Y.2d 588) is distinguishable. In that case the requests by the parolee for continuances were responsible in part for the board's inability to conduct a timely revocation hearing.

On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order reversed, without costs, and matter remitted to Supreme Court, Nassau County, for entry of judgment in accordance with the memorandum herein.

Admittedly, respondent was on the horns of a genuine dilemma. To hold the hearing on March 19 would have violated another statutory requirement, namely, that a parole revocation hearing must be held within 90 days of a finding of probable cause or waiver thereof (Executive Law § 259-i [3] [f] [i]; 9 NYCRR 8005.17 [a]).

Ex "A"

spite this latter time limitation, respondent should have resolved the issue by scrupulously honoring the notice provision and holding the hearing a day or two post the 90-day deadline, inasmuch as Executive Law § 259-i (3) (f) (i) allows for an extension of the 90-day period when it is the alleged violator who causes or consents to delay or "otherwise precludes the prompt conduct of such proceedings". Here it was the delayed notice of appearance filed by petitioner's counsel that gave rise to the close proximity of the time limit, and therefore it was the 90-day rule that should, and legally could have, been subordinated in favor of the mandatory minimum notice to counsel ( *Matter of Moulier v Smith*, 115 A.D.2d 307, lv denied 67 N.Y.2d 603; see also, *People ex rel. Miranda v Dalsheim*, 70 A.D.2d 941; *People ex rel. Venderburgh v Coombe*, 102 A.D.2d 951). The 14-day notice requirement, on the contrary, appears to be inviolate, and a departure from the rule renders the revocation proceedings nugatory ( *Matter of Williams v Hammock*, supra; *People ex rel.*

Page 2 of 2

*Rivera v New York State Div. of Parole*, 83 A.D.2d 918; *People ex rel. Andersen v New York State Bd. of Parole*, 94 A.D.2d 807). This notice provision of the Executive Law must be strictly construed ( *People ex rel. Levy v Dalsheim*, 66 A.D.2d 827; affd 48 N.Y.2d 1019), and as noted in *People ex rel. Johnson v New York State Bd. of Parole* (71 A.D.2d 595, 596), "the appropriate remedy to rectify the statutory violation is vacatur of the parole revocation warrant and reinstatement of petitioner to parole."

Respondent argues that service upon counsel should be deemed effective on March 3 by invoking CPLR 2103 (b) (2) which specifies that service is complete upon mailing. However, this section further provides for an additional five days to respond for the benefit of the adverse party when service by mail is utilized. Respondent cannot take the icing of this {131 A.D.2d 404} statute without the accompanying cake. Besides, this section of the CPLR has been held not to apply to administrative hearings ( *Matter of Fiedelman v New York State Dept. of Health*, 58 N.Y.2d 80).

Accordingly, petitioner was entitled to the relief sought, and the writ must be allowed.

Ex "A"

---

The People of the State of New York ex rel. Joyce E. Smith, Appellant, v. New York State Board of Parole et al., Respondents
Supreme Court of New York, Appellate Division, First Department
131 A.D.2d 401; 517 N.Y.S.2d 145; 1987 N.Y. App. Div. LEXIS 47875
[NO NUMBER IN ORIGINAL]
June 30, 1987

---

Judges:

Judges: Concur -- Carro, J.P., Asch, Rosenberger, Ellerin and Wallach, JJ., concur.

Opinion

{131 A.D.2d 401} {517 N.Y.S.2d 146} Judgment, Supreme Court, Bronx County (Burton G. Hecht, J.), entered on May 22, 1986, dismissing petitioner's petition for a writ of habeas corpus, unanimously reversed, on the law, the parole revocation warrant vacated, and petitioner restored to parole, without costs.

On April 14, 1984, petitioner was sentenced to an indeterminate term of 1 1/4 to 4 years' imprisonment pursuant to a judgment of conviction rendered in Supreme Court, New York County, convicting her of the crime of grand larceny in the third degree. She was released to parole supervision on November 24, 1985 with an original maximum expiration date of November 4, 1987.

On December 2, 1985, petitioner was arrested and charged with several crimes arising out of a jostling incident. Four days later, on December 6, 1985, she pleaded guilty to the {131 A.D.2d 402} crime of attempted grand larceny and was sentenced to a one-year definite jail term.

On December 18, 1985, appellant was served with a notice of violation and violation of release report charging her with violating the conditions of her parole. She waived a preliminary hearing. A final local parole hearing was scheduled for January 30, 1986 but no hearing was held on that date and the matter was postponed. A similar postponement occurred on February 27. On the preceding day, February 26, a staff attorney for the Legal Aid Society filed a notice of appearance with respondent. On March 5, 1986 counsel received the violation of release report setting forth in detail the breaches of parole conditions lodged against petitioner arising from her above-mentioned arrest and conviction, together with notice of a March 12 scheduled hearing.

On that date petitioner and her attorney appeared at the scheduled hearing and interposed a threshold objection to respondent's failure to provide counsel with legally sufficient notice of the hearing, specifying in particular respondent's failure to provide her with a violation of parole report 14 days prior to the hearing. Based on this objection the Hearing Officer adjourned the matter until March 17, 1986, the 89th day after the preliminary hearing waiver, and attributing this adjournment to respondent.

When the adjourned hearing convened on March 17, 1986, petitioner's counsel again objected to respondent's failure to provide her counsel with 14 days' notice of hearing, inasmuch as counsel had received the violation of parole report only on March 5. Nonetheless, the hearing went forward over counsel's objection, and at the conclusion thereof, petitioner's parole was revoked and she was remanded to confinement.

Petitioner thereupon brought on this habeas corpus application which was dismissed by Criminal Term upon the ground that the notice furnished to counsel by respondent was sufficient under the circumstances of this case. We disagree and reverse.

Executive Law § 259-i (3) (f) (iii) provides that both the alleged parole violator and counsel "shall be given written notice of the date, place and time of the hearing as soon as possible but at least fourteen days {517 N.Y.S.2d 147} prior to the scheduled date". While this refers only to the notice of hearing, respondent's own regulations provide that "[such] notice shall include a copy of the report of violation of parole" (9 NYCRR 8005.18 [c]). Such timely notice must be given "with accompanying {131 A.D.2d 403} necessary papers" (Matter of Williams v Hammock, 57 N.Y.2d 936, 938). Thus the first purportedly complete notice to counsel occurred here on March 3 when the report was mailed to her. However, since it was only received on March 5 the earliest possible date for satisfaction of the notice requirement which this was is

CLINTON CORRECTIONAL FACILITY
P. O. BOX __2000__
DANNEMORA, NEW YORK  12929

NAME: ROY TAYLOR        DIN#: 13A0472    D-2-26

("IN CHAMBERS")

HON ERIC N. VITALIANO Justice
USDC EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

"LEGAL MAIL"