Index No.  14-CV-4708 (ENV) (RLM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROY TAYLOR,

                              Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
CORRECTION, et al.,

                              Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS**

ZACHARY W. CARTER
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
*Attorney for Defendants
Elam, Dunson, Ellis, Berry, and Hakim*

Of Counsel: Agnetha E. Jacob
Tel: (212) 356-0881
Fax: (212) 788-0940

Date of Service: September 9, 2015

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

POINT I ........................................................................................................................................... 2

    PLAINTIFF FAILED TO EXHAUST HIS AVAILABLE ADMINISTRATIVE REMEDIES BEFORE FILING SUIT ................................................................................................................ 2

POINT II ......................................................................................................................................... 5

    PLAINTIFF FAILED TO ADEQUATELY ADDRESS DEFENDANTS' ARGUMENTS REGARDING HIS DUE PROCESS, CONDITIONS-OF-CONFINEMENT, FREE-EXERCISE, FREE SPEECH AND ACCESS-TO-COURTS CLAIMS .................................... 5

POINT III ........................................................................................................................................ 8

    PLAINTIFF FAILED TO ADDRESS DEFENDANTS' ARGUMENTS REGARDING HIS REMAINING CLAIMS AND HAS, THEREFORE, ABANDONED THESE CLAIMS ......... 8

CONCLUSION ............................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**CASES**

*Dublin v. N.Y. City Law Dep't,*
  No. 10-cv-2971, 2012 U.S. Dist. LEXIS 141823 (S.D.N.Y. Sept. 26, 2012) ........................... 6

*Gill v. Bracey*,
  No. 99-cv-10429, 2001 U.S. Dist. LEXIS 9875 (S.D.N.Y. July 11, 2001) ............................... 6

*Hemphill v. New York*,
  380 F.3d 680 (2d Cir. 2004) ................................................................................................. 2, 4

*Johnson v. Schriro*,
  No. 12-cv-7239, 2013 U.S. Dist. LEXIS 151593 (S.D.N.Y. Oct. 15, 2013) ............................ 2

*Jones v. Goord*,
  435 F. Supp. 2d 221 (S.D.N.Y. 2006) ..................................................................................... 6

*Lineberry v. Fed. Bureau of Prisons*,
  923 F. Supp. 2d 284 (D.D.C. 2013) ........................................................................................ 7

*Macias v. Zenk*,
  495 F.3d 37 (2d Cir. 2007) ...................................................................................................... 4

*McLeod v. Verizon N.Y., Inc.*,
  995 F. Supp. 2d 134 (E.D.N.Y. 2014) .................................................................................... 8

*Murphy v. Lockhart*,
  826 F. Supp. 2d 1016 ( E.D. Mich. 2011) ............................................................................... 7

*Ruggiero v. County of Orange*,
  467 F.3d 170 (2d Cir. 2006) .................................................................................................... 2

*Shannon v. Venettozzi*,
  No. 13-cv-4530, 2015 U.S. Dist. LEXIS 2020 (S.D.N.Y. Jan. 8, 2015) ................................. 6

*Smith v. Montefiore Med. Center-Health Servs. Div.*,
  22 F. Supp. 2d 275 (S.D.N.Y. 1998) ....................................................................................... 6

*Taylor v. N.Y. State Dep't of Corr.*,
  No. 03-cv-1929, 2004 U.S. Dist. LEXIS 25795 (S.D.N.Y. Dec. 22, 2004) ............................ 2

*Thomas v. Calero*,
  824 F. Supp. 2d 488 (S.D.N.Y. 2011),
  *adopted by* 824 F. Supp. 2d 488 (S.D.N.Y. 2011) .................................................................. 5

*Williams v. Ramos*,
  No. 13-cv-826, 2015 U.S. Dist. LEXIS 27446 (S.D.N.Y. Feb. 10, 2015) ............................... 4

**PRELIMINARY STATEMENT**

Plaintiff initiated this 42 U.S.C. § 1983 action against various New York City prison officials alleging that they violated his constitutional rights during his incarceration on Rikers Island by (a) subjecting him to lockdown and a higher security classification for one month without any hearing, (b) restricting his access to law library services during the lockdown, (c) refusing to provide him with a spare change of clothes, or winter clothes and blankets, (d) denying him access to Muslim services, (e) failing to mail some of his letters, and (f) refusing to help him contact courts and a transitional house and ignoring his grievances.

Defendants Captain Elam, Correction Officers Dunson and Ellis, and counselors Berry and Hakim (the "Defendants") moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff had failed to exhaust his administrative remedies before bringing suit, and had failed to state any constitutional claim. In his opposition papers, Plaintiff (i) unsuccessfully alleges that administrative remedies were unavailable to him, (ii) inadequately addresses Defendants' arguments seeking dismissal of his claims pertaining to the lockdown, winter gear, religious services, and mail, and (iii) wholly fails to address Defendants' arguments concerning the insufficiency of his claims regarding law library services, social services, extra clothing, and the grievance procedure.[1]  Defendants now respectfully submit this reply brief in response to Plaintiff's opposition and in further support of their motion to dismiss the Complaint.

---

[1] In his opposition, Plaintiff also asks the Court to reinstate the claims regarding his parole revocation proceedings, which were dismissed by the Court *sua sponte* by Order dated February 10, 2015. *See* Dkt. No. 8.

## ARGUMENT

### POINT I

### PLAINTIFF FAILED TO EXHAUST HIS AVAILABLE ADMINISTRATIVE REMEDIES BEFORE FILING SUIT

In Defendants' Memorandum of Law in Support of their Motion to Dismiss the Complaint ("Moving Brief"), Defendants argued that Plaintiff's Complaint should be dismissed because it was clear from its face that Plaintiff had not completed each step in the Inmate Grievance and Request Program ("IGRP") before filing suit. *See* Moving Brief at 5-8. In his opposition, Plaintiff asserts that the grievance program was "unavailable" to him because prison officials "did everything in their power to inhibit [him] from" completing the grievance process "by simply never responding to any of the grievances [he] filed." Dkt. No. 33 at 3.

A court may excuse a prisoner's failure to exhaust his administrative remedies if such remedies were unavailable to him. *Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (citing *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)). However, grievance procedures provided by the New York City Department of Correction ("DOC") are not rendered unavailable if the DOC fails to respond to a grievance. *Taylor v. N.Y. State Dep't of Corr.*, No. 03-cv-1929, 2004 U.S. Dist. LEXIS 25795, *18 (S.D.N.Y. Dec. 22, 2004). Rather, the procedures remain available because the IGRP makes clear—at § IV(D)(10)(a)—that if an inmate does not receive a timely response at any stage of the process, he should continue to the next step of the process. *Id. See Johnson v. Schriro*, No. 12-cv-7239, 2013 U.S. Dist. LEXIS 151593, at *10-11 (S.D.N.Y. Oct. 15, 2013) ("While some circuits have held that remedies may be 'unavailable' where a grievant files a complaint and receives no response within the time limit, courts within the Second Circuit have declined to adopt this view with respect to the New

2

York City DOC regulations, because they explicitly place the burden on the inmate to seek a hearing when there is no response to an initial grievance.").

Here, Plaintiff's opposition makes clear that the IGRP was available to him. Plaintiff attaches numerous grievances that he filed regarding the claims raised in his Complaint. *See* Dkt. Nos. 33-1 at 18, 20, 22, 23, 29-34; 33-2 at 2-3, 6. The opposition also makes clear that instead of appealing the lack of response to his grievances by (1) requesting a hearing before the Inmate Grievance Resolution Committee, (2) appealing to the facilities' wardens, and then (3) appealing to the Central Office Review Committee, Plaintiff pursued actions outside the grievance process. *See* Moving Brief at 7. Specifically, Plaintiff wrote letters to the Otis Bantum Correctional Center ("OBCC") mailroom staff regarding delivery of his outgoing mail, *see* Dkt. No. 33-1 at 16, 33-3 at 21; wrote a letter to OBCC Warden Wettington asking him to investigate the limited services Plaintiff was receiving during the lockdown, *see* Dkt. No. 33-2 at 31;[2] wrote a letter to the "Central Office Review Board," asking a representative to investigate the lack of responses to his grievances, *see* Dkt. No. 33-1 at 18; and wrote letters to the DOC Commissioner, complaining about certain claims raised in his Complaint, *see* Dkt. No. 33-2 at 25, 26, 29-30, 32. Plaintiff also wrote letters to the Board of Corrections and the Prisoners Rights Project, *see* Dkt. No. 33 at 1; 33-1 at 9; 33-2 at 24, 27, 28, and filed notices of claim with the New York City Comptroller's Office, *see* Dkt. No. 33-1 at 4-8, 14, 15; 33-4 at 15, 17, 19. In other words, the IGRP was clearly available to Plaintiff—but Plaintiff chose not to proceed through each step of the process, and therefore failed to exhaust his administrative remedies.

---

[2] Notably, this letter was written before many of the grievances Plaintiff submitted, does not mention that he submitted previous grievances, and does not seek appeal from any grievance to which he received no response.

3

To the extent Plaintiff is asserting that Defendants should be estopped from raising a non-exhaustion defense because DOC failed to respond to his grievances, this argument should also be rejected. Prison officials may be estopped from raising non-exhaustion as a defense if their own actions, such as threats towards an inmate, inhibited the inmate from exhausting his remedies. *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007). *See Hemphill*, 380 F.3d at 686 (noting that estoppel is applicable where "defendants' own actions inhibit[ed] the inmate's exhaustion of remedies"). Officials cannot, however, be estopped from raising non-exhaustion where the plaintiff "was not inhibited from utilizing the inmate grievance system on multiple occasions, and especially when [the plaintiff] was not inhibited from using it to complain of the constitutional violations]" alleged in the subsequent federal action. *Williams v. Ramos*, No. 13-cv-826, 2015 U.S. Dist. LEXIS 27446, *8 (S.D.N.Y. Feb. 10, 2015). Here, Plaintiff cannot argue estoppel because the multiple grievances he attaches to his opposition make clear that he was not inhibited from utilizing the IGRP and that his failure to proceed through the required steps was his decision, and not due to any act by Defendants.

As is evident from Plaintiff's Complaint and opposition papers, Plaintiff's failure to exhaust his administrative remedies is not justifiable and his Complaint should accordingly be dismissed for non-exhaustion.

## POINT II

**PLAINTIFF FAILED TO ADEQUATELY ADDRESS DEFENDANTS' ARGUMENTS REGARDING HIS DUE PROCESS, CONDITIONS-OF-CONFINEMENT, FREE-EXERCISE, FREE SPEECH AND ACCESS-TO-COURTS CLAIMS**

In his opposition papers, Plaintiff fails to adequately rebut Defendants' arguments regarding the insufficiency of his allegations pertaining to (a) the lockdown, (b) winter clothing and bedding, (c) religious services, and (d) regular and legal mail.

First, in their Moving Brief, Defendants argued that OBCC Warden Wettington was not constitutionally required to afford Plaintiff any process before subjecting him to a month-long lockdown and a higher security classification because neither federal nor state law confers on inmates a liberty interest in avoiding a month-long lockdown or being free from a particular security classification. *See* Moving Brief at 9-10. In his opposition, Plaintiff alleges that a liberty interest exists "when a prisoner is locked down for no reason[,] for what gang members do" while the prisoner is "no[]where in the vicinity of the incident," Dkt. No. 33 at 2. In support of this statement, Plaintiff cites *Thomas v. Calero*, 824 F. Supp. 2d 488, 500-501 (S.D.N.Y. 2011), *adopted by,* 824 F. Supp. 2d 488, 493 (S.D.N.Y. 2011), in which the court held that confinement in a special housing unit for nearly 10 months is sufficient to implicate a liberty interest for pleading purposes. *Calero*, in other words, involves a significantly longer period of segregation than the month-long segregation at issue here. It also does not undermine the cases Defendants cited in their Moving Brief, which hold that inmates have no liberty interest in avoiding a month-long lockdown or a specific security classification. Moving Brief at 9-10. *See Shannon v. Venettozzi*, No. 13-cv-4530, 2015 U.S. Dist. LEXIS 2020, * 24 (S.D.N.Y. Jan. 8,

5

2015) (holding that inmate had no liberty interest in avoiding 32 days of keeplock confinement). Plaintiff's due process claims remain not cognizable and should be dismissed.

Second, Defendants argued that prison officials did not subject Plaintiff to unconstitutional conditions of confinement by failing to provide him with winter gear because Plaintiff did not state any serious injury or allege that any Defendant knew he was facing any serious risk of harm. Moving Brief at 12-14. In his opposition, Plaintiff alleges he "contracted a serious cold/flu" due to the lack of winter garments and blankets and attaches copies of medical progress notes, which indicate that between February 12, 2014 and February 27, 2014, he was treated with medication for the common cold, bronchitis, rhinitis and a cough. Dkt. No. 33 at 2; 33-3 at 39-43. These injuries, however, are not serious enough to support the objective prong of a conditions-of-confinement claim. *See, e.g., Gill v. Bracey*, No. 99-cv-10429, 2001 U.S. Dist. LEXIS 9875, *13 (S.D.N.Y. July 11, 2001) (asthmatic bronchitis not sufficiently serious because treatable); *Jones v. Goord*, 435 F. Supp. 2d 221, 245 (S.D.N.Y. 2006) (common colds not sufficiently serious); *Smith v. Montefiore Med. Center-Health Servs. Div.*, 22 F. Supp. 2d 275, 281 (S.D.N.Y. 1998) (cold-like symptom, such as clogged and runny nose, not sufficiently serious). Additionally, even if Plaintiff's cold was deemed sufficiently serious, Plaintiff does not allege—either in his Complaint or opposition—that any Defendant knew that the lack of winter clothing or blankets posed an excessive risk to his health or safety. He therefore cannot satisfy the subjective prong of the claim.[3] As Plaintiff cannot satisfy either the objective or subjective element, his conditions-of-confinement claim should be dismissed.

---

[3] Plaintiff cites *Dublin v. N.Y. City Law Dep't,* No. 10-cv-2971, 2012 U.S. Dist. LEXIS 141823 (S.D.N.Y. Sept. 26, 2012) in apparent support of this claim, but the case concerns a failure to protect claim and is not apposite.

Third, Defendants argued that Plaintiff failed to plead a free-exercise claim. Plaintiff does allege any new facts regarding this claim, Dkt. No. 33 at 2, but rather directs the Court to *Murphy v. Lockhart*, 826 F. Supp. 2d 1016 (E.D. Mich. 2011) in support. *Murphy*, however, is unhelpful. In that case, the Eastern District Court of Michigan held that prison officials' interception of a certain book plaintiff claimed was religious did not rise to a constitutional violation because the book included instructions on how to write in code, and officials had a legitimate penological interest in limiting prisoners' access to such instruction. *Id.* at 1035. As Plaintiff failed to address any of the deficiencies in his free-exercise claim described by Defendants, the claim remains insufficient and should be dismissed for the reasons stated in Defendants' Moving Brief. S*ee* Moving Brief at 14-16.

Fourth, Defendants argued that Plaintiff failed to plead a free-speech or access-to-courts claim based on the facilities' alleged interference with his regular and legal mail. Plaintiff also does not allege any new facts regarding this claim, and instead points the Court to *Lineberry v. Fed. Bureau of Prisons*, 923 F. Supp. 2d 284 (D.D.C. 2013), an inapposite case, in which the plaintiff inmate unsuccessfully challenged the Federal Bureau of Prisons' requirement that all inmates affix a particular type of mailing label to outgoing mail. Consequently, Plaintiff's allegations concerning interference with his regular and legal mail remain insufficient to state any constitutional claim and should be dismissed for the reasons set forth in Defendants' moving papers. *See* Moving Brief at 16-17.

As described above, Plaintiff failed to adequately address Defendants' arguments regarding the insufficiency of his due process claim based on the lockdown, conditions of confinement claim based on the lack of winter gear, free-exercise claim based on denial of access

7

to religious services, and free-speech and access-to-courts claim based on interference with outgoing mail. Accordingly, these claims should be dismissed.

## POINT III

### PLAINTIFF FAILED TO ADDRESS DEFENDANTS' ARGUMENTS REGARDING HIS REMAINING CLAIMS AND HAS, THEREFORE, ABANDONED THESE CLAIMS

In their Moving Brief, Defendants argued that Plaintiff's claims regarding (i) law library services, (ii) a spare set of clothes, (iii) social services, and (iv) the grievance procedure should be dismissed for failure to state any constitutional violation. *See* Moving Brief at 11-14, 18. Plaintiff does not address any of these arguments in his opposition papers. This Court should accordingly deem these claims abandoned and dismiss them. *See McLeod v. Verizon N.Y., Inc.*, 995 F. Supp. 2d 134, 143 (E.D.N.Y. 2014) (noting that courts in this circuit have held that a plaintiff's failure to respond to contentions raised in a motion to dismiss "constitute an abandonment of those claims"). Alternatively, the Court should dismiss the claims for the reasons set forth in Defendants' Moving Brief.

## **CONCLUSION**

For the reasons set forth above and in their moving papers, Defendants respectfully request that the Court grant their motion and dismiss the Complaint in its entirety, and grant them such other and further relief as the Court deems just and proper.

Dated:   New York, NY
         September 9, 2015

                                         ZACHARY W. CARTER
                                         Corporation Counsel of the
                                            City of New York
                                         *Attorney for Defendants Elam, Dunson,*
                                         *Ellis, Berry, and Hakim*
                                         100 Church Street
                                         New York, NY 10007
                                         Tel: (212) 356-0881


                                         By:   /s/ Agnetha E. Jacob
                                               Agnetha E. Jacob
                                               Assistant Corporation Counsel