UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ROY TAYLOR,

                                                   Plaintiff,

       -against-

OBCC-GRIEVANCE COORDINATOR KENNEDY,
OBCC C.O. SMITH, OBCC CAPT ELAM, OBCC
WARDEN WETTINGTON, SOCIAL SERVICE
COUNSELORS BERRY and HAKIM, OBCC
CLOTHES BOX C.O. ELLIS, OBCC C.O. CRUZ,
EMTC C.O. DUNSON, SOCIAL SERVICE
COUNSELORS MR. MOORE and DENTRY,
COORDINATOR MULVANNY, and EMTC
CLOTHES BOX C.O. SCIPION,

                                                   Defendants.

14-CV-4708 (ENV) (ST)

**NOTICE OF MOTION**

------------------------------------------------------------------------x

        **PLEASE TAKE NOTICE,** that upon the upon the accompanying Defendants' Local Rule 56.1 Statement of Material Facts Not in Dispute, dated October 13, 2017; the accompanying Declaration of Kimberley Johnson, dated October 12, 2017, and the exhibits annexed thereto; the accompanying Declaration of Agnetha E. Jacob, dated October 13, 2017, and the exhibits annexed thereto; the accompanying Memorandum of Law in Support of Defendants' Motion for Summary Judgment, dated October 13, 2017; and upon all the papers and proceedings had herein, Defendants Dunson, Ellis, Berry, Hakim, and Elam will move this Court, at the United States Courthouse for the Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, NY 11201, at a date and time to be determined by the Court, for an Order pursuant to Federal Rule of Civil Procedure 56 awarding them summary judgment and dismissing the Complaint in its entirety, and awarding Defendants such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Judge Vitaliano's Order dated September 27, 2017, opposition papers, if any, must be served on the undersigned by November 13, 2017 and Defendants' reply papers, if any, must be served by December 4, 2017.

Dated:     New York, NY
           October 13, 2017

                                          ZACHARY W. CARTER
                                          Corporation Counsel of the
                                             City of New York
                                          *Attorney for Defendants Defendants*
                                          *Berry, Hakim, Dunson, Elam, and Ellis*
                                          100 Church Street
                                          New York, NY 10007
                                          Tel: (212) 356-0881
                                          Fax: (212) 356-8760
                                          ajacob@law.nyc.gov

                                          By:   /s/ Agnetha E. Jacob
                                                Agnetha E. Jacob
                                                Assistant Corporation Counsel

To:   Roy Taylor
      B/C 3491708184
      Metropolitan Detention Center-Brooklyn
      125 White Street
      New York, NY 10013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

ROY TAYLOR,

                                        Plaintiff,        14-CV-4708 (ENV) (ST)

    -against-

OBCC-GRIEVANCE COORDINATOR KENNEDY,
OBCC C.O. SMITH, OBCC CAPT ELAM, OBCC
WARDEN WETTINGTON, SOCIAL SERVICE
COUNSELORS BERRY and HAKIM, OBCC
CLOTHES BOX C.O. ELLIS, OBCC C.O. CRUZ,
EMTC C.O. DUNSON, SOCIAL SERVICE
COUNSELORS MR. MOORE and DENTRY,
COORDINATOR MULVANNY, and EMTC
CLOTHES BOX C.O. SCIPION,

**NOTICE TO *PRO SE* LITIGANT WHO OPPOSES A MOTION FOR SUMMARY JUDGMENT**

                                        Defendants.

-----------------------------------------------------------------------x

       **PLEASE TAKE NOTICE** that Defendants in this case have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that Defendants have asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits and/or other documents as required by Rule 56(c) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1. The full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is attached.

       In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your Complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by Defendants and raising specific facts that support your claim. If you have proof of your claim, now is the time to submit

it. Any witness statements must be in the form of affidavits. An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to Defendants' motion for summary judgment.

If you do not respond to the motion for summary judgment on time with affidavits and/or documents contradicting the material facts asserted by Defendants, the Court may accept Defendants' facts as true. Your case may be dismissed and judgment may be entered in Defendants' favor without a trial.

If you have any questions, you may direct them to the *Pro Se* Office.

Dated:   New York, NY
         October 13, 2017

                                              ZACHARY W. CARTER
                                              Corporation Counsel of the
                                                 City of New York
                                              *Attorney for Defendants Defendants*
                                              *Berry, Hakim, Dunson, Elam, and Ellis*
                                              100 Church Street
                                              New York, NY 10007
                                              Tel: (212) 356-0881
                                              Fax: (212) 356-8760
                                              ajacob@law.nyc.gov

                                          By:   /s/ Agnetha E. Jacob
                                                  Agnetha E. Jacob
                                                  Assistant Corporation Counsel

To:   Roy Taylor
      B/C 3491708184
      Metropolitan Detention Center-Brooklyn
      125 White Street
      New York, NY 10013

entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;
    (B) determine the amount of damages;
    (C) establish the truth of any allegation by evidence; or
    (D) investigate any other matter.

(c) SETTING ASIDE A DEFAULT OR A DEFAULT JUDGMENT. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

(d) JUDGMENT AGAINST THE UNITED STATES. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

(As amended Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009.)

**Rule 56. Summary Judgment**

(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) TIME TO FILE A MOTION. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) PROCEDURES.

    (1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

        (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

        (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

    (2) *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

    (3) *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.

77   FEDERAL RULES OF CIVIL PROCEDURE   **Rule 57**

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) JUDGMENT INDEPENDENT OF THE MOTION. After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) FAILING TO GRANT ALL THE REQUESTED RELIEF. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

(h) AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 28, 2010, eff. Dec. 1, 2010.)

**Rule 57. Declaratory Judgment**

These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.

owing, not exceeding the amount sought in the claim to which no response has been made, plus interest, if any, computed by the party, with credit for all payments received to date clearly set forth, and costs, if any, pursuant to 28 U.S.C. § 1920.

(b)  By the Court.   In all other cases the party seeking a judgment by default shall apply to the Court as described in Fed. R. Civ. P. 55(b)(2), and shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment.

(c)  Mailing of Papers.   Unless otherwise ordered by the Court, all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b) above shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual).   Proof of such mailing shall be filed with the Court.   If the mailing is returned, a supplemental affidavit shall be filed with the Court setting forth that fact, together with the reason provided for return, if any.

## COMMITTEE NOTE

Although Fed. R. Civ. P. 55(b) does not require service of notice of an application for a default judgment upon a party who has not appeared in the action, the Committee believes that experience has shown that mailing notice of such an application is conducive to both fairness and efficiency, and has therefore recommended a new Local Civil Rule 55.2(c) providing for such mailing.

**Local Civil Rule 56.1.   Statements of Material Facts on Motion for Summary Judgment**

a)  Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

(b) The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional

material facts as to which it is contended that there exists a genuine issue to be tried.

(c)  Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

(d) Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).

### COMMITTEE NOTE

The requirement embodied in Local Civil Rule 56.1 is firmly rooted in the local practice of the Southern and Eastern Districts, and the Committee recommends its retention.   The language of Local Civil Rule 56.1 was revised in 2004 to make clear that any statement pursuant to Local Civil Rule 56.1 must be divided into brief, numbered paragraphs, that any opposing statement must respond specifically and separately to each numbered paragraph in the statement, and that all such paragraphs in both statements and opposing statements must be supported by citations to specific evidence of the kind required by Fed. R. Civ. P. 56(c).   The Committee believes that the language adopted in 2004 sets forth these requirements clearly, and does not recommend any changes in that language.

**Local Civil Rule 56.2.   Notice to Pro Se Litigant Who Opposes a Summary Judgment**

Any represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, the following "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached.   Where the pro se party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.