Index No.  14-CV-4708 (ENV) (ST)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROY TAYLOR,

            Plaintiff,

   -against-

OBCC-GRIEVANCE COORDINATOR KENNEDY, OBCC C.O. SMITH, OBCC CAPT ELAM, OBCC WARDEN WETTINGTON, SOCIAL SERVICE COUNSELORS BERRY and HAKIM, OBCC CLOTHES BOX C.O. ELLIS, OBCC C.O. CRUZ, EMTC C.O. DUNSON, SOCIAL SERVICE COUNSELORS MR. MOORE and DENTRY, COORDINATOR MULVANNY, and EMTC CLOTHES BOX C.O. SCIPION,

            Defendants.

## RELY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ZACHARY W. CARTER
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
*Attorney for Defendants Berry, Hakim, Dunson, Elam, and Ellis*


Of Counsel: Agnetha E. Jacob
Tel: (212) 356-0881
Fax: (212) 356-8760

**PRELIMINARY STATEMENT**

Under the Prison Litigation Reform Act ("PLRA"), an inmate must exhaust all available administrative remedies before bringing a 42 U.S.C. § 1983 action regarding prison conditions. On August 6, 2014, Plaintiff Roy Taylor commenced this § 1983 action alleging that he was subject to unconstitutional conditions of confinement by various employees of the New York City Department of Correction ("DOC") between August 10, 2013 and March 28, 2014, during his detention on Rikers Island. Following limited discovery on the issue of administrative exhaustion, by Notice of Motion dated October 13, 2017, Defendants DOC Captain Elam, Correction Officers Dunson and Ellis, DOC counselors Berry and Hakim (collectively, "Defendants"), moved for summary judgment on the grounds that Plaintiff had failed to exhaust his administrative remedies before filing suit. *See* Docket Nos. 80-84. Defendants argued that Plaintiff was knowledgeable about the administrative remedies available to him on Rikers Island through the Inmate Grievance and Request Program ("IGRP") but nonetheless failed to exhaust those remedies based on his perception that exhaustion would be futile. *See* Docket No. 84 at 12.

In a 10-paragraph opposition filed on January 16, 2018, Plaintiff conclusorily argues that the IGRP was in fact unavailable to him because some grievance forms were not completely filled out by DOC staff and because DOC staff did not respond to his grievances. He also argues that he was not required to exhaust grievances that he contacted an outside agency about or grievances in which he requested staff discipline. Plaintiff does not challenge any material fact in Defendants' summary judgment papers and his legal arguments based on the undisputed facts are meritless. This Court should accordingly grant Defendants' motion for summary judgment and dismiss Plaintiff's Complaint in its entirety.

## ARGUMENT

### POINT I

#### PLAINTIFF'S ACTION SHOULD BE DISMISSED FOR FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES

In order to properly exhaust DOC's administrative grievance procedure the IGRP, an inmate must (i) file a grievance; (ii) request a hearing before the Inmate Grievance Resolution Committee ("IGRC"); (iii) appeal IGRC's decision to the facility's commanding officer; and finally, (iv) appeal the commanding officer's decision to the Central Office Review Committee ("CORC"). *See* Docket No. 84 at 1-3. *See also Leneau v. City of N.Y.*, 16-CV-0893, 2018 U.S. Dist. LEXIS 13115, at *7 (S.D.N.Y. Jan. 26, 2018) (describing IGRP process).

Here, the undisputed facts show that Plaintiff was aware of the IGRP process but nonetheless either (i) failed to file grievances regarding certain claims in his Complaint or otherwise, (ii) failed to exhaust his administrative remedies regarding other claims beyond filing an initial grievance. *See* Docket No. 84 at 3-7. In his opposition, Plaintiff does not dispute that he failed to progress through the various steps of the IGRP but nonetheless advances two arguments[1] for denial of Defendants' summary judgment motion, none of which are availing.

---

[1] Plaintiff also speculates that certain of Defendants' exhibits are "doctored." *See* Docket No. 86 at ¶ 2. He does not, however, provide any evidence in support of this claim; this assertion is accordingly insufficient to defeat Defendants' motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that a nonmovant cannot merely rely on conclusory allegations to defeat a summary judgment motion).

First, Plaintiff conclusorily argues that the IGRP was "unavailable" to him because some grievance forms were not completed by DOC staff and because DOC staff "failed to respond" to his grievances. *See* Docket No. 86, ¶¶ 1, 2, 8, 10. An inmate's failure to exhaust may be excused if administrative remedies were "unavailable" to him. *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). In *Ross v. Blake*, the Supreme Court ruled that there are three kinds of circumstances in which an administrative remedy is not capable of use to obtain relief. 136 S. Ct. at 1859. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end" and "the facts on the ground demonstrate that no […] potential [for relief] exists." *Id.* Next, an administrative scheme may be deemed unavailable if it "so opaque" such that "no ordinary prisoner can discern or navigate" the process. *Id.* Finally, administrative remedies may be deemed unavailable if "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.*

Plaintiff does not establish the existence of any of these circumstances. Plaintiff does not claim IGRP staff's failure to fill out certain portions of his grievance forms precluded him from appealing those grievances. He also does not claim that the failure of DOC staff to respond to his grievances prevented him from exhausting his remedies, nor could he, as the IGRP expressly provides for an appeal process in the absence of any response from DOC staff. It is "well-established that, even if an inmate does not receive a response to his grievance, he fails to exhaust administrative remedies if he does not avail himself of the available appeals process." *Leneau*, 2018 U.S. Dist. LEXIS 13115, at *9 (S.D.N.Y. Jan. 26, 2018). *See* Docket No. 84 at 10 (citing additional cases).

3

While Plaintiff claims he believed the IGRP was futile and therefore "unavailable," there is no evidence in the record that IGRP was in fact a "dead end": IGRP staff investigated and provided informal resolutions in response to four of Plaintiff's grievances, and Plaintiff accepted one of those resolutions in writing. *See* Docket No. 84 at 4-6. PLRA's exhaustion requirement cannot be excused based upon plaintiff's perception that pursuing administrative remedies would be "ineffective or futile." *Johnson v. Stevens*, 12-CV-5186, 2014 U.S. Dist. LEXIS 133164, at *10 (E.D.N.Y. Sep. 22, 2014). *See* Docket No. 84 at 11 (citing additional cases).

In sum, Petitioner has failed to demonstrate that administrative remedies were unavailable to him. There is no evidence in the record that IGRP operated as a dead end or that DOC staff was unable or unwilling to provide any relief to aggrieved inmates, and Plaintiff does not allege that IGRP was opaque or that DOC staff attempted to thwart his efforts to pursue his remedies through "machination, misrepresentation, or intimidation." His failure to exhaust the available remedies is accordingly not excusable, and his Complaint should accordingly be dismissed for failure to comply with the PLRA.

Second, Plaintiff argues that under the IGRP, he was not required to exhaust grievances regarding which he also contacted an outside agency, or in which he requested that DOC discipline the staff members responsible for the conditions he was grieving. *See* Docket No. 86 at ¶ 2. The IGRP's grievance form itself, however, expressly instructs inmates to use the IGRP "before […] seek[ing] relief from an external entity, like the courts or another agency." *See* Docket No. 82, Exhibit A at Appendix A, Attachment B (TAYLOR 067). The IGRP also plainly states that even where a grievance seeks "the censure, discipline or termination of a [DOC] employee," the grievance "including any substantive issue that prompted such a request,

4

will […] be processed in the ordinary course as described in [the IGRP directive]." *See* Docket No. 82, Exhibit A at § IV(B)(2)(c). Where "nothing in an inmate's opposition papers "reveals a 'reasonable misunderstanding of the grievance procedures' that would justify [a] failure [to exhaust]," the inmate's complaint must be dismissed. *Johnson*, 2014 U.S. Dist. LEXIS 133164, at *7. As there is no indication that Plaintiff's beliefs that certain of his grievances fell outside the IGRP are "attributable to any reasonable reliance on DOC regulations," *Johnson*, 2014 U.S. Dist. LEXIS 133164, at *7, his Complaint should be dismissed for failure to exhaust.

In sum, the undisputed facts show that (i) Plaintiff was aware of the IGRP; (ii) the IGRP was available to Plaintiff; and (iii) Plaintiff failed to exhaust the IGRP before filing this federal action. Plaintiff's Complaint should accordingly be dismissed in its entirety.[2]

---

[2] Plaintiff inexplicably seeks leave to serve interrogatories on Kimberley Johnson, who submitted a Declaration in Support of Defendants' Motion for Summary Judgment (Docket No. 82), summarizing and attaching various documents that had either been produced by Plaintiff or Defendants in this action. *See* Docket No. 86 at ¶¶ 3, 11. None of Plaintiff's interrogatories sought Ms. Johnson's identity, and Plaintiff does not in any event explain what portion of Ms. Johnson's declaration, if any, he disputes. This Court should accordingly deny Plaintiff's request to resume discovery at this stage in the action.

**CONCLUSION**

A motion for summary judgment must be construed with "due regard" not only for the rights of plaintiffs to have their claims tried before a jury, but also for the rights of defendants to demonstrate—prior to trial—that a plaintiff's claims have no factual basis. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 323-24, 327 (1986). For the foregoing reasons and those set forth in Defendants' moving papers, Defendants respectfully request that the Court grant their motion for summary judgment, dismiss Plaintiff's Complaint in its entirety, and grant them such other and further relief as the Court deems just and proper.

Dated:  New York, NY
        February 6, 2018

          ZACHARY W. CARTER
          Corporation Counsel of the
            City of New York
          *Attorney for Defendants Berry, Hakim, Dunson, Elam, and Ellis*
          100 Church Street
          New York, NY 10007
          Tel: (212) 356-0881

          By:  /s/ Agnetha E. Jacob
                Agnetha E. Jacob
                Assistant Corporation Counsel