UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
ROY TAYLOR,

                        Plaintiff,

-against-

OBCC GRIEVANCE COORDINATOR
KENNEDY, OBCC C.O. SMITH, OBCC CAPT
ELAM, OBCC WARDEN WETTINGTON,
SOCIAL SERVICE COUNSELORS BERRY and
HAKIM, OBCC CLOTHES BOX C.O. ELLIS,
OBCC C.O. CRUZ, EMTC C.O. DUNSON,
SOCIAL SERVICE COUNSELORS MOOR and
DENTRY, COORDINATOR MULVANNY, and
EMTC CLOTHES BOX C.O. SCIPION,

                        Defendants.
--------------------------------------------------------------- x

**MEMORANDUM & ORDER**

14-cv-4708 (ENV) (ST)

VITALIANO, D.J.

Plaintiff Roy Taylor, proceeding *pro se*, initiated this action, under 42 U.S.C. § 1983, on August 6, 2014. After four years of litigation, on October 18, 2018, the Court granted summary judgment to defendants, and closed the case, because Taylor had failed to exhaust his jailhouse administrative remedies prior to filing this lawsuit. Required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), the failure to exhaust a claim is fatal. Nonetheless, as he has done in response to every unfavorable decision in this case, (*see, e.g.*, Mot. for Reconsideration, ECF No. 9), on December 6, 2018, Taylor filed a motion for reconsideration, (Mot. for Reconsideration, ECF No. 98). The inevitable filing of rebound motions for reconsideration mimics Taylor's practice throughout his other cases before this Court. *See, e.g., Taylor v. New York*, No. 17-cv-1503 (ENV) (ST) (E.D.N.Y. Dec. 6, 2018). Because the instant motion, like each of its predecessors, is repetitively meritless, the motion is denied.

As previously explained to Taylor, motions for reconsideration must surmount a high bar.

1

They demand that the moving party "point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Furthermore, motions for reconsideration must be denied absent the demonstration of "extraordinary circumstances." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

Taylor's motion most certainly does not meet this tough standard. It merely reiterates arguments he has made throughout this litigation, challenging the adequacy of the Inmate Grievance and Request Program ("IGRP") at the Otis Bantum Correctional Center on Rikers Island. As recited throughout this litigation, (*see, e.g.*, Mem. & Order, ECF No. 96), and in a wide variety of precedents, the IGRP process is an adequate remedy for prison grievances and must be used and exhausted prior to filing a § 1983 lawsuit, *see, e.g., Butler v. Viscusi*, No. 11-cv-4844 (JFB) (WDW), 2014 WL 1407262, at *7 (E.D.N.Y. Apr. 11, 2014); *Malik v. City of New York*, No. 11 Civ. 6062 (PAC) (FM), 2012 U.S. Dist. LEXIS 118358, at *21 (S.D.N.Y. Aug. 15, 2012); *Shariff v. Coombe*, 655 F. Supp. 2d 274, 286 (S.D.N.Y. 2009).

Construing Taylor's motion liberally, he appears to argue that the IGRP process was unavailable, and exhaustion was excused, *cf. Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (describing circumstances under which exhaustion is excused), because certain complaints about prison life are deemed "nongrievable." (*See* Mot. for Reconsideration ¶ 3, ECF No. 98). But, in the first place, the exhibits to the motion do not support this conclusion, and, far more significantly, the Court has previously rejected this argument, (*see, e.g.*, Mem. & Order, ECF No. 96). Certainly, Taylor's "perception that the . . . grievance program was ineffective or that the filing of grievances was futile is insufficient to negate the PLRA's exhaustion requirement," *Shariff v. Coombe*, 655 F. Supp. 2d 274, 286 (S.D.N.Y. 2009) (citation omitted). Additionally,

even if Taylor had provided new evidence that the administrative process was unavailable, the record reveals that Taylor "continued to file grievance after grievance during the period of alleged unavailability," which would undermine any claim that he could not access administrative remedies. *See Kasiem v. Switz*, 756 F. Supp. 2d 570, 577 (S.D.N.Y. 2010).

Having failed to proceed through "all levels of the IGRP process," Taylor did not exhaust his administrative remedies, as required by PLRA. *See Pierre-Louis v. Martinez*, No. 12-cv-2240 (NGG) (LB), 2014 U.S. Dist. LEXIS 115236, at *9 (E.D.N.Y. Aug. 18, 2014). Nothing in the motion for reconsideration changes this conclusion, and, therefore, plaintiff is not entitled to reconsideration of the Court's grant of summary judgment.

## Conclusion

Accordingly, plaintiff's motion for reconsideration is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff and to maintain this case on the closed docket.

So Ordered.

Dated: Brooklyn, New York
January 9, 2019

/s/ USDJ ERIC N. VITALIANO

ERIC N. VITALIANO
United States District Judge

3