UNITED STATES COURT OF APPEALS
EASTERN DISTRICT OF NEW YORK _____X

ROY TAYLOR,
                    APPELLANT
    -AGAINST-

NEW YORKkCITYyDEPARTMENT OF COORR           DIST ct.no. 14-CV-4708(ENV)(ST)
OBCC AND EMTC RIKERS ;ET AL.,

                    DEFENDANTS
_____X

## APPEAL FROM DISTRICT COURT DISMISSAL

### PRELIMINARY STATEMENT

THIS IS AN APPEAL FROM THE DISTRICT COURT DISMISSAL WHICH PLAINTIFF ROY TAYLOR NOW BRINGS AS FOLLOWS:

### CASE HISTORY

THIS CASE CAME AFTER CERTAIN CONDITIONS HE WAS VICTIM OF WHILE INCARCERATED AT EMTC AND OBCC WHERE AMONG OTHER THINGS PLAINTIFF WAS DENIED:

LAW LIBRARY, MAIL, SOCIAL SERVICE, LEGAL AID SERVICE, DENIED CLOTHES BOX

AND OTHER SERVICES WHICH ARE TO ATTEND MUSLIM SERVICE AND SUBJECT TO SPEND MORE THAN 72 HOURS, INFACT PAST 5 DAYS IN INTAKE WHICH IS ALL AGAINST THE MINIMUM STANDARDS OF NYCDOC POLICY, PROCEDURES, AND CUSTOMS & REGULATIONS OF THE JAIL. THESE PEOPLE ACTED WITH IMPUNITY WITHOUT ANY ACCOUNTABILITY.

PLAINTIFF PRO'SE SUED CERTAIN INDIVIDUALS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES TO CORRECT THE PROBLEM AND MONETARY RELIEF OVER THESE VIOLATIONS.

### THE DISTRICT COURT DISMISSAL FOR FAILURE TO EXHAUST ADM REMEDIES IN DISPL

1. PLAINTIFF CONTEND THE LOWER COURT "ERRORED" IN THEIR DECISION IN DISMISSI THE SUIT FOR FAILURE TO EXHAUST ADM GRIEVANCE PROCESS, BY THE MERE FACT THAT DEFENDANTS, ONCE THEY DEEM PARTICULAR GRIEVANCES PROCESS "NONGRIEVABLE" THIS THUS MADE EXHAUSTION "UNNECESSARY". THIS WAS ULTIMATELY DONE BY ME, PLAINTIFF REQUESTING IN HIS RESOLUTION ON EACH CONDITION TO REPRIMAND STAFF WHICH IS DISCIPLINING STAFF AND WHERE OUTSIDE AGENCIES WERE NOTIFIED OF THESE CONDITIONS VIOLATED ABOVE.

2. THE COURT NEVER ONCE ADDRESSED THIS ALTHOUGH IN THE DEPOSITION AND IN PLEADINGS THIS WAS RAISED TO THE COURT. PLAINTIFF NEVER GOT A RESPONSE FROM THE COURT WHICH THE DISTRICT LOWER COURT ULTIMATELY IGNORED WHICH WAS ERROR.

### DISTRICT COURT ERRED IN DISMISSING COMPLAINT ON EXHAUSTION WHEN DEFENDANTS THWARTED THE GRIEVANCE PROCESS WHICH DIST COURT IGNORED

3. PLAINTIFF CONTENDS THE DISTRICT COURT TOOK IT UPON THEMSELVES TO SIDE WITH THE DEFENDANTS WHEN CLEARLY UPON SEEING THEY FAILED TO RESPOND TO SAID GRIEVANCES AND APPELLANT HAD TO VIRTUALLY TAKE IT UPON HIMSELF TO COMPLAIN TO CENTRAL OFFICE CORE OVER GRIEVANCE THAT THESE DEFENDANTS FAILED TO RESPOND OR ANSWER TO SAID GRIEVANCES FILED AND ATTACHED ALL THOSE GRIEVANCES.

4. THIS WAS THEN FORWARDED BACK TO OBCC & EMTC GRIEVANCE COORDINATOR TO POSSIBLY PROCESS WHICH NEVER WAS EVER WENT TO THE NEXT LEVEL. SOME WERE BUT OTHERS WERE'NT. YET ALTHOUGH THIS WAS THE CASE, ALSO UPON CLEAR SHOWING IN THE GRIEVANCE DOCUMENTS IT CLEARLY SHOWS THE "DOCTORING" OF DOCUMENTS THAT WERE "UNENDORSED & UNSIGNED" THE DISTRICT COURT IGNORED THESE FACTS. (PRODUCE GRIEVANCE DEPT DOCUMENTS & RESPONSES OF RECORD)

5 THIS IS A CLEAR EXAMPLE OF THE GRIEVANCE PROCESS BEING BLOCKED AND/OR "THWARTED". WHICH THE DISTRICT COURT CLEARLY "OVERLOOKED" THIS HOPING I WOULDN'T APPEAL THIS.. MOREOVER, IF THIS COURT WOULD CHECK THE DATED DOCUMENTS IT SHOWS LATE RESPONSES PAST THE GRIEVANCE DEADINES. FURTHER-MORE, THE DISTRIC COURT STATED IN ERROR THAT WHEN AN INMATE FILE GRIEVANCE AND IT'S NOT ANSWERED TO REFILE BASICALLY NEVER "PENALIZING" DEFENDANTS FOR NON-COMPLIANC YET PENALYZING APPELLANT FOR "UNFOUNDED REASONS"!"(EMPHASIS ADDED) THIS IS CALLED "DOUBLE STANDARDS" WHEN IT SHOULD BE "EQUAL JUSTICE" UNDER THE LAW!"(EMPHASIS ADDED)

6. BY THE DISTRICT COURT'S OPPINION IT APPEARS THE OPPOSING COUNSEL ACTUALLY PREPARED THIS ARGUMENT FOR THE DISTRICT COURT BECAUSE EVERYTHING ARGUED SIDES WITH THE DEFENDANTS!" (EMPHASIS ADDED)

THE DISTRICT LOWER COURT DISCUSSION ON PLRA EXHAUSTION REQUIREMENT WAS SO CLOSE TO WHAT THE CORP COUNSEL WOULD ARGUE MAKE ME BELIEVE THAT THEY ACTUALLY PREPARED IT AND THE DISTRICT COURT SIMPLY SIGNED OFF ON IT AS IF IT WEERE THEM WHO DID IT!" THIS SAVES WORK & TIME "RUBBER STAMPING" DECISIONS LIKE IN THIS CASE.

7. THE LOWER DIST COURT HAS MANUFACTURED EVERY KIND OF EXCUSE TO JUSTIFY THE REQUIREMENT OF EXHAUSTION EXCEPT FOR GRIEVANCES BEING THWARTED BY DOC OFFICIALS OVER GRIEVANCE. PLAINTIFF/APPELLANT WENT THROUGH THE CORRECT CHANNELS IN FILING GRIEVANCES AND IT WASN'T ANSWERED! APPELLANT THEN TOOK THIS OPPORTUNITY TO COMPLAIN TO THE GRIEVANCE DEPT AT OBCC & EMTC SUPERIORS (CORC) OVER THE GRIEVANCE PROCESS WITH THESE SAME GRIEVANCES ATTACH, THAT THEY FAILED TO ANSWER TO THESE VERY GRIEVANCES. THESE COMPLAINTS THEN RETURNED TO THESE JAIL GRIEVANCE DEPTS AND THEY STILL WEREN'T TAKEN TO THE NEXT LEVELS. ATLEAST MOST OF THEM WEREN'T.

8. MIND YOU THE OUTSIDE AGENCY "PRISONER'S RIGHT PROJECT" WERE THE AGENCY NOTIFIED OF ALL GRIEVANCES IN THIS COMPLAINT WHO TOOK THE LIBERTY TO FILE THESE SAME COMPLAINTS INDICATED IN THIS ACTION WHICH IS ON RECORD IN THIS CASE.

## ARGUMENT AND MEMORANDUM OF LAW

9. APPELLANT TAYLOR AFTER HIS GRIEVANCES WERE THWARTED BY DOC OFFICIALS AND THEY BECAME NONGRIEVABLE ONCE DISCIPLINE & CONTACTING OUTSIDE AGENCIES OCCURRED EXHAUSTION IS NOLONGER REQUIRED. THE GRIEVANCE THEN GOES DIRECTLY TO THE WARDEN OF THE JAIL FOR A RESPONSE & ACTION WHICH IN THESE CASES NO RESPONSE EVER CAME.

10. APPELLANT ARGUES COURTS HAVE RULED WHEN PRISON OFFICIALS IMPEDED THE GRIEVANCE PROCESS IT MADE THE PROCESS OR SYSTEM A NULLITY WHICH JUSTIFIES A PRISONER'S INABILITY TO COMPLY WITH THE SYSTEM. SEE <u>DENNIS V. HOPKINS</u>, 2013 U.S. DIST. LEXIS 106608, 06CIV.3868(FPS) 7-30,2013.

IN HOPKINS, HIS ISSUE WAS CONSIDERED "NONGRIEVABLE" AND WAS TOLD BY PRISON STAFF TO GET A LAWYER, NOR DID THAT OFFICER LOG THIS IN THE BOOK AT THE JAIL. IN THIS CASE THESE WERE CONSIDERED "SPECIAL CIRCUMSTANCES" WHICH ULTIMATELY JUSTIFIED FAILURE TO EXHAUST, SIMUULIAR TO PLAINTIFF TAYLOR'S CASE. ONLY DIFFERENCE WAS WHEN PLAINTIFF TAYLOR WENT THROUGH THE PROPER CHANNELS RIKERS GRIEVANCE OFFICIALS FAILED TO RESPOND AT ALL UNTIL I COMPLAINED TO CORC WITH THE ATTACHED GRIEVANCES, WHICH RETURNED TO OBCC & EMTC GRIEVANCE CHAIRMANS FOR PROCESS AND THEY STILL NEVER COMPLETED IT!"

11. ANOTHER CASE IN GREEN V. SCHMELZLE, U.S.DC WEST DIST 239 F. SUPP. 3D 669., THIS CASE INVOVLED FAILURE TO EXHAUST ADM REMEDIES WHERE THE PRISONER ALLEGED CLEAR IMPEDIMENTS SUCH AS: ADM REMEDIES WERE NOT AVAILABLE DO TO (1)PRISON OFFICIALS FORFEITED OR ESTOPPED FROM RAISING AN AFFIRMATIVE DEFENSE OF NON-EXHAUSTION AND (@ 2) CERTAIN CIRCUMSTANCES JUSTIFY PRISONER'S FAILURE TO EXHAUST. DABNEY V. PEGANO, 604 F. APP'X 1, 3 (2D CIR. 2015) QUOTING HEMPHII WHICH THIS RELATED TO SPECIAL CIRCUMSTANCES ABROGATED IN ROSS V. BLAKE, 136 S.CT. 1850, 195L. ED 2D 117. "ROSS" PROVIDED 3 PRONGS (1) WHEN ADM PROCEDURE OPERATE AS A SIMPLE DEADEND-WITH OFFICIALS UNABLE OR CONSISTENTLY UNWILLINGLY PROVIDE ANY RELIEF TO AGGRIEVED INMATES (2) WHEN THE GRIEVNCE SYSTEM IS SO OPAQUE THAT IT BECOMES, PRACTICALLY SPEAKING "INCAPABLE" OF USE; AND (3) WHEN PRISON ADMINISTRATORS TWART INMATES FROM TAKING ADVANTAGE OF THE GRIEVANCE PROCES THROUGH MACHINATION, MISREPRESENTATION, OR INTIMIDATION".

12. PLAINTIFF FITS PRONG 3 AND TWO, TO THE EFFECT THAT NOT ONLY DID DEFENDANTS TWARTHED THE GRIEVANCE PROCESS, THEY "DOCTORED" DOCUMENTATION WHICH WERE "UNENDORSED & UNSIGNED", IF THE COURT WOULD INSPECT DEPARTMENTAL DOCUMENTATION AND IT IS REQUESTED FOR DEFENDANTS TO "AUTHENTICATE THESE DOCUMENTS" AND THE COURT IS ASKED TO REVIEW THE RECORD ON THIS BEFORE "RUSHING " TO JUDGEMENT SEE VANDERBUSCH V. CHOKATOS, 2017 U.S. DIST. LEXIS 169968 1:13-CV-01422-LJO-BAC

13. THE PRISON LITIGATION REFORM ACT MANDATES INMATES EXHAUST SUCH ADM REMEDIES THAT ARE "AVAILABLE". IN PLAINTIFF CASE THEY WEREN'T. JAIL OFFICIALS AS YOU SEE IN THESE VERY CASES DO THE SAME IMPEDIMENTS FORM PRISON TO JAIL!

IT IS NOT DIFFICULT TO FIGURE THIS OUT. PRISON OFFICIALS ARE DEVIOUS AS HELL IN "BLOCKING, IMPEDING AND TWAFTING THE GRIEVANCE PROCESS AND THE DISTRIC COURT HERE IS RIDING WITH WHATEVER THE DOC CORP COUNSEL SAYS TO DISMISS MY CLAIMS!"(EMPHASIS ADDED)

14. IN GARCIA V. HEATH, 2016 U.S. DIST. LEXIS 109452 NO. 2:13-cv-1952, 8-17-2016 DECIDED., THIS CASE OFFICIALS JUST LIKE IN MY CASE THE GRIEVANCE OFFICIALS HAD "UNSIGNED DOCUMENTS" WHERE THE EXHAUSTION SHOULD HAVE AN OPPORTUNITY TO RESOLVE DISPUTES AND ALLOW PRISONERS TO FILE COMPLAINT ADDRESSING "NONEXHAUSTED CLAIMS". RHODES V. ROBINSON, 621 F. 3D 1002. REGARDLESS OF THE CLAIM OR RELIEF SOUGHT PRISONERS MUST TRY TO PURSUE AN APPEA THROUGH ALL LEVELS UNLESS HE IS PREVENTED FROM DOING SO. IN GREEN, HE HANDED GRIEVANCES TO BE FILED TO PRISON OFFICIALS WHILE IN SHU, THE CO NEVER FILED IT AND PLAINTIFF RECIEVED NO RESPONSE TO THE GRIEVANCE, SIMMULIAR TO MY, PLAINTIFF TAYLOR'S CASE. WILLIAMS, 829 F.3d AT 120-21. SO IT IS NOT A TALE THAT THESE THINGS OCCURRED WHICH THE COURT ACKNOWLEDGED IN MY CASE.

15. FOR THE DISTRICT COURT TO CLAIM I NEEDED TO REFILE AFTER FILING TO THE GRIEVANCE BOARD IS "ERROR". IN ALL THESE CASES SUMMARY JUDGMENT WAS DENIED: IN GREEN HE WAS TRANSFERRED TO ANOTHER FACILITY, WHICH PLAINTIFF IN THIS CASE BAILED OUT OF JAIL BUT NEVER RECIEVED A RESPONSE FROM THE GRIEVANCE BEFORE THAT CAME. THE WARDEN NEVER RESPONDED TO THE NON-GRIEVABLE ISSUES DESCRIBED MENTIONED IN THE COMPLAINT.

16. IN ADDITION, IN ROSS V. BLAKE, 136 S. CT. 1850; L.ED. 2D 117, IN THIS CASE HE CONTENDED GRIEVANCE PROCESS WAS "UNAVAILABLE" WARRANTS FURTHER CONSIDERATION AND THAT THE PLRA CONTAINS IT'S OWN TEXTUAL EXCEPTION TO MANDATORY EXHAUSTION. UNDER §1997e(a), AN INMATE OBLIGATION TO EXHAUST HINGES ON THE "AVAILABILITY" OF ADMINISTRATIVE REMEDIES. MEANING PRISONER IS THUS REQUIRED TO EXHAUST ONLY THOSE GRIEVANCES PROCEDURES CAPABLE TO OBTAIN RELIEF. SEE BOOTH, 532 U.S. AT 738, 121 S. Ct. 1819, 149 L. ED. 2D 95

17. IN ROSS, THIS CASE ARGUED THERE WERE 3 KINDS OF CIRCUMSTANCES WHERE ADM REMEDIES CAN BE WAIVED., AND NOT CABABLE FOR RELIEF WHICH ARE THE SAME DEADEND, OPAQUE, AND TWART AS EXPLAINED.

18. HOWEVER THERE IS ANOTHER INTERNAL INVESTIGATIVE REMEDY OF EXHAUSTION WHICH IS WHEN INSPECTOR GENERAL & PRISONER'S RIGHT PROJECT REPS WHO CONDUCT INVESTIGATIONS AGAINST THE CITY OF NEW YORK WHICH LOOKS INTO CHARGES AGAINST THEIR OWN STAFF OF MISCONDUCT OR POLICY, PROCEDURES AND REGULATIONS OF THE MINIMUM STANDARDS WHICH WAS ACTUALLY DONE IN MY, PLAINTIFF CASE. WHEN THIS HAPPENS JUST LIKE IN ROSS, A PRISONER CAN NOLONGER OBTAIN RELIEF THROUGH THE DOC GRIEVANCE PROCESS WHICH PLAINTIFF URGE THE COURT TO CONSIDER THESE FACTS IN THIS CASE. ONLY DIFFERENCE IS THAT HIS ISSUES BECAME NON-GRIEVABLE AND THUS NOLONGER EXHAUSTABLE BEFORE DOC GRIEVANCE PROCESS EXCEPT WITH THE WARDEN WHO NEVER ANSWERED NOR THE I.G. OR PRISONER RIGHTS EVER GOT ANY FINAL DECISION EITHER!" (EMPHASIS ADDED) ROSS, 195 L. ED. 2D 117.

## SUMMARY JUDGMENT

19. SUMMARY JUDGMENT SHOULD ONLY BE USED WHEN THERE EXIST NO DISPUTABLE FACTS IN A CASE. IT IS ONLY APPROPRIATE IF THE MOVING PARTY DEMONSTRATES THAT NO "GENUINE" DISPUTE APPEARS ON MATERIAL FACTS AND THAT IT IS ENTITLED TO A JUDGMENT AS A MATTER OF LAW. F.R.C..P. 56(c). WHEN IT APPLIES THE STANDARDS THE COURT VIEWS THE EVIDENCE AND DRAWS INFERENCES IN LIGHT MOST FAVORABLE TO THE NON-MOVING PARTY. NAHNO-LOPEZ V. HOUSER, 625 F.3D 1279. 1283. AN ISSUE OF FACT IS GENUINE IF THE EVIDENCE IS SUCH THAT A REASONABLE JURY COULD RETURN A VERDICT FOR THE NON-MOVING PARTY ON THE ISSUE. SEE: ANDERSON V. LIBERTY LOBBY, INC., 477 U.S. 242, 248.

20. PLAINTIFF ARGUES HIS CASE SHOULD HAVE SURVIVED THE DISTRICT LOWER COURT SUMMARY DISMISSAL ON THE MERE FACT THAT THERE IS CLEAR DISPUTE AS TO "WHETHER THE GRIEVANCE PROCESS WAS "AVAILABLE" AND WHETHER IT WAS IMPEDIMENTS EXHIBITED BY DEFENDANTS IN THIS ACTION TO THWARTH THE PROCESS BASED ON THE DOCUMENTATION AND WHAT PLAINTIFF CONTEND IN ACTION..

IT IS FOR THIS REASON IT'S BELIEVED THE COURT ERRORED WHICH CALLS FOR A REVERSAL IN THIS CLAIM.

WHEREFORE; PLAINTIFF/APPELLANT PRAYS THAT THE APPELLATE COURT BASED ON THESE GROUNDS REVIEW AND ULTIMATELY REVERSE THE LOWER DISTRICT COURTS RULING AND GRANT THIS APPEAL IN IT'S ENTIRETY AND FOR SUCH FURHER RELIEF AS THE COURT DEEMS PROPER. IT IS ALSO REQUESTED THE APPELLATE COURT DEEM THIS APPEAL CERTIFYING IT BE TAKEN IN GOOD FAITH AND AFFORD ME IN FORMAL PAUPERIS STATUS TO PRESENT THIS APPEAL TO BE HEARD IN THE INTEREST OF JUSTICE OVER THE DISTRICT COURT'S FORMER RULING., AND THE COURT WOULD BE JUST AND PROPER.

RESPECTFULLY SUBMITTED,    IT IS ASKED FOR THE ENTIRE RECORD & MINUTES OF THIS CASE AND THE ENTIRE RECORD AND ALL EXHIBITS & COURT PRO'SE RULES OF THE APPELLATE COURT.

*Roy Taylor*

ROY TAYLOR, PRO'SE APPELLANT B/C3491804923 15UPQW4
AMKC 1818 HAZEN STREET
EAST ELMHURST, NEW YORK 11370

## CERTIFICATE OF SERVICE

PLAINTIF/APPELLANT ROY TAYLOR HAVE MAILED COPY OF THE FOREGOING NOTICE AND APPEAL TO THE USDC AND ASST CORP COUNSEL ADNETHA JACOBS AND TO THE APPELLATE COURT FOR THE EASTERN DISTRICT ON THIS 11-18-2018.

*Roy Taylor*
ROY TAYLOR